[Crim. No. 6020. Second Dist., Div. One. Dec. 30, 1957.]

THE PEOPLE, Respondent, v. JAMES F. TABB, Appellant.

James F. Tabb, in pro. per., and Robert Barnett, under appointment by the District Court of Appeal, for Appellant.

No appearance for Respondent.

FOURT, J.—The defendant Tabb in this matter was, on April 16, 1957, charged in an indictment with a violation of section 11500, Health and Safety Code, in that he did sell marijuana on or about February 20, 1957. That case was Superior Court Los Angeles County Number 190153. He was also indicted on the same date for a violation of the same code section above mentioned, in superior court case number 190154.

On May 1, 1957, Tabb was present in court with his attorney, and was arraigned, and the matter of his plea was continued to May 8, 1957. On the latter date Tabb and his codefendant Andrews were in court, each represented by the attorney who had appeared and represented Tabb at the arraignment. Tabb entered a plea of guilty as charged. A probation officer's report was ordered and further proceedings were continued to June 3, 1957. Andrews entered a plea of not guilty and her trial was set for May 29, 1957. On June 3, 1957, the cause came on regularly for hearing and was continued to June 10, 1957, at which time Tabb was present in court with his attorney. His lawyer stated that there was no legal cause why judgment should not be pronounced, and then urged upon the court that the defendant had "made a clean breast of it," that "he has had prior offenses alleged against him and has served time for them,"—that in the trial of the case of his codefendant Tabb had "assumed the entire responsibility for any and all transactions in that case." The court then called attention to the fact that Tabb had a "prior record in narcotics as well as . . . other offenses," and sentenced him to the state prison, and upon motion of the district attorney, dismissed case number 190154. The defendant Tabb then said to the court: "I wasn't messing with heroin, I was doing him a favor because he was sick, he wanted some heroin and he kept worying me and kept coming to my girl friend's house. I wasn't selling no weed. If he hadn't been worrying me and going on

. . . I was trying to get him off that heroin. He was sick. I know people suffer when they use it.''

On June 20, 1957, while still in the county jail in Los Angeles County, Tabb wrote a letter which was interpreted to be a notice of appeal. He also stated that he had no money ''to appeal and for an atty.,'' and requested the appointment of counsel to assist him.

On July 3, 1957, he executed, and on August 5, 1957, filed in this court a document entitled ''Affidavit in Forma Pauperis'' wherein, among other things, he set forth generally that he was without funds and desired to proceed with his appeal without paying any costs. On August 15, 1957, he signed, and on August 16, 1957, filed in this court another affidavit of financial ability wherein he set forth that he had no funds and that he desired to have counsel appointed to represent him.

On August 21, 1957, he wrote a letter to this court wherein among other things, he set forth that he had received a notice from the clerk of this court to the effect that the opening brief in his appeal would be due in 30 days, and further that there were only nine days left, and asked for an extension of 30 days. He also set forth in the letter, ''Even though I pleaded guilty I did so under duress. . . .''

On August 26, 1957, by letter from the clerk of this court, the defendant was advised that an ''attorney from the Criminal Courts Bar Association Committee had been directed to inspect the record in your appeal and if he finds that there is merit to your appeal he will volunteer to act in your behalf. If he finds that in his belief there is no merit to your appeal he will decline to act. In the event of this your will be notified and given ample time to prepare and write your own brief or to contact an attorney of your own selection.''

On September 3, 1957, the defendant executed, and filed in this court on September 5, 1957, a motion to extend the time for filing his opening brief. By order of this court the time to file the opening brief was extended to and including October 14, 1957.

The matter was referred to the Committee of the Bar Association handling such causes, and by its chairman, Harold Ackerman, was referred to Robert Barnett, a member of the bar, for his examination. Mr. Barnett wrote a letter to this court on September 10, 1957, which letter was filed on September 18, 1957, wherein he stated, among other things, ''There is no question in my mind that the appeal is wholly

without merit as the appellant has misconceived his remedies.''
The defendant was then advised by letter dated September
20, 1957, from the clerk of this court, as follows: ''. . . this
court appointed an experienced attorney to represent you.
This attorney, after a careful examination of the record on
your appeal has reported to the Court that he finds no ground
of appeal which could be urged for reversal of the judgment.
Under these circumstances an attorney could not claim error
in the judgment which does not exist and would not be ex-
pected to file a brief. The Court therefore has seen fit to
relieve him from his appointment and obligation to proceed
further in your behalf.

''However, if you wish you may file a brief on your own
behalf or engage private counsel to do so.

''Pursuant to your request of September 3, 1957, the Court
has granted you until October 14, 1957, to file your appel-
lant's opening brief. If however you do not wish to do so
the court will make an independent examination of the record
before makeing any disposition of this matter.''

On October 15, 1957, the defendant executed, and later
caused to be filed in this court a ''Motion for Appointment
of Counsel.'' He set forth in substance that he had received
the communications from the clerk and that he wanted counsel
appointed to represent him on the appeal and sought a further
continuance within which time to file an opening brief.

The matter was then referred to Arthur Schwartz, a mem-
ber of the bar and a member of the Los Angeles County
Bar Association Committee on Criminal Appeals. Mr.
Schwartz examined the record and transcripts, and on October
18, 1957, wrote a letter to this court stating, ''It is my opinion
that the record does not disclose any reasonable grounds upon
which to base an appeal.''

On October 21, 1957, the clerk of this court directed a
letter to the defendant wherein he was advised that Robert
Barnett was appointed to represent him on the appeal, and
a copy of the order so appointing Barnett was forwarded
to Barnett and to the defendant.

Mr. Barnett wrote to the defendant on October 30, 1957,
saying: ''I have read the record on appeal that is at the
office of the Clerk of the District Court and have considered it
very carefully. It is my opinion that your appeal is without
merit. However, this is not to say that you are without legal
remedy, it just means that you have misconceived your reme-
dies. If what you have said is true in the papers that you

have on file with the District Court, then your remedy is by a motion to set aside the judgment and plea of guilty, in the Trial Court. In order to make this motion in the Trial Court, your appeal must be dismissed, because you cannot make motions in the Trial Court when you have a case pending on appeal.

"In order for me to proper*t*y help you, whether on your appeal or on any further motions in the Trial Court, it is absolutely necessary that I be given all the records that you may have in your possession so that I may refer to them and use them in the manner which I feel is best. Rather than go into an extended discussion of your case at this time, I would much prefer to wait until I have received all of your records, so please forward them at once."

The defendant, on November 14, 1957, signed, and on November 18, 1957, filed in this court, a motion the essence of which is that he disagrees with the opinion of his counsel and demands that Barnett be discharged as his court-appointed attorney, and that new and different counsel be appointed to represent him on the appeal.

On November 18, 1957, Barnett wrote a letter to this court wherein he stated that on October 30, 1957, he had written a letter to the defendant (the contents of which have heretofore been set forth), and that again on November 8, 1957, he had written to Tabb inquiring as to why he had not received the transcripts on appeal or some notice of recognition from him. Mr. Barnett concluded, "As of yet, I have received no answer to that letter.

"Therefore, under the circumstances, I respectfully request that I be relieved from representing Mr. Tabb in his appeal or in any further proceedings concerning his case."

The matter of the appellant's motion to discharge Barnett as his attorney and the request of Barnett to be relieved from representing the appellant were placed on this court's calendar and each interested person was notified thereof. Mr. Barnett appeared and stated, as an attorney and officer of the court, that the appellant would not cooperate with him and that further he, Barnett, could not honestly and conscientiously represent the appellant and at the same time be consistent and true to his oath as an attorney and reasonably comply with the Canons of Ethics. Barnett further stated in open court, in substance, that in his opinion there was no merit whatsoever to the appeal.

Assuming for the moment that the appellant is en-

titled to have a court-appointed attorney to assist him in his appeal, he surely is not entitled to have the court appoint one attorney after another until an attorney wholly satisfactory to appellant is selected. No such a procedure was ever contemplated in the law. If such were to be the case, with more than 8,500 attorneys in Los Angeles County, an appellant could for no other reason than to create confusion, object to each attorney appointed to represent him until he had run through the entire list.

The motion of the appellant to discharge Mr. Barnett as his attorney and the motion of Mr. Barnett to be relieved as the court appointed attorney of the appellant are, and each is, granted. The motion of the appellant to have appointed another attorney to represent him in the appeal is denied.

The time within which the appellant may file an opening brief is extended to and including January 22, 1958, at which time, in the event no brief is filed by the appellant, the court will make such orders as may be proper under the circumstances, keeping in mind rule 17a of Rules on Appeal.

White, P. J., and Drapeau, J.,* concurred.

*Assigned by Chairman of Judicial Council.