[Crim. No. 3481.   First Dist., Div. Two.   July 31, 1958.]

THE PEOPLE, Respondent, v. JOHN RAY BALL, Appellant.

Johnson, Thorne, Speed & Bamford for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Peter T. Kennedy, Deputy Attorney General, for Respondent.

DRAPER, J.—A jury found defendant guilty of possession of marijuana. He was admitted to probation on condition he serve 6 months in county jail. Defendant appeals, urging that the marijuana admitted in evidence was found in his home as the result of an illegal search.

An armed robbery occurred in San Jose at about 9:30 a. m. The police secured information leading them to believe that one Conrad Mallory was one of the three robbers and that Mallory might be at the home of defendant. At about 10:30 a. m., police officers of the San Jose and Campbell departments went to appellant's home in Campbell, seeking Mallory. A police sergeant from Campbell and one from San Jose knocked at appellant's door, and announced that they were policemen. Appellant opened the door. They asked "if Conrad Mallory was there and if we could come in and look around, at which time he replied yes, we could." The two officers entered the room. When appellant went back to bed, they asked him to arise and dress. They looked through the apartment and did not find Mallory. They, with appellant, went outside the house. About three minutes later, Sergeant Sims returned to the house and saw a plastic bag protruding from a blanket on a shelf in an open cupboard. He looked at the bag, which proved to contain marijuana cigarettes. He went outside and arrested appellant for possession of narcotics. Appellant himself testified that he consented to the officers' search of his quarters and, that he had been with Mallory on the night preceding the holdup.

Appellant argues that he was arrested when the officers asked him to get out of bed. He appears to contend that this "arrest" was unlawful and that this made the search illegal, even though it was otherwise reasonable and justified. But the very decision relied upon by appellant negatives his view. ■ "[T]he legality of an arrest is not necessarily determinative of the lawfulness of a search incident thereto. . . . [S]ome searches may be reasonable and hence lawful in the absence of a warrant or an arrest . . ." (*People* v. *Brown*, 45 Cal.2d 640, 643 [290 P.2d 528].) ■ A search or seizure may be justified even though it is in no way related to an arrest. (*People* v. *Roberts*, 47 Cal.2d 374 [303 P.2d 721]; *People* v. *Wright*, 153 Cal.App.2d 35, 40 [313 P.2d 868].) ■ We know of no rule by which a valid search, justifiable without reference to an arrest, is voided by the unlawfulness of an arrest upon which the search does not depend. Thus it is unnecessary to pass upon the merits of appellant's contention that he was in fact arrested when the officers asked him to get out of bed.

■ Appellant does not deny that the officers had reasonable cause for going to appellant's home in search of Mallory, the suspected robber. They entered the residence after informing appellant of their purpose, and at least without objection from him. Their discovery of the marijuana was but incidental to the search for Mallory. The case is strikingly similar to that considered in *Love* v. *United States*, 170 F.2d 32, which has been cited with approval in California (*People* v. *Roberts, supra,* 47 Cal.2d 374; *People* v. *Ortiz,* 147 Cal.App. 2d 248 [305 P.2d 145]). In the Love case, officers went to defendant's home seeking one Foster, for whom they had a warrant of arrest. In searching for Foster in Love's home, which they had entered without objection, they found an illicit still, evidence of the existence of which was the basis of Love's conviction. The decision affirms denial of Love's motion to suppress the evidence concerning the still. The rule of that decision is fully applicable here, and sustains the validity of this search.

■ Further, the search was justified by appellant's consent. (*People* v. *Burke,* 47 Cal.2d 45 [301 P.2d 241]; *People* v. *White,* 159 Cal.App.2d 586, 593 [324 P.2d 296].) ■ Appellant apparently concedes that the evidence is sufficient to support a finding of consent to the search. He asserts, however, that no such finding was made. He quotes

the statement of the trial judge: "Even though the defendant had not given permission to the officers to search the place, I think they still had a right to search it . . . ," and argues that this amounts to a finding that no consent was given. In the light of appellant's own testimony, the construction he seeks to read into this language is difficult to sustain. It is much more reasonable to conclude that the trial court found that appellant had consented, but that even if he had not, the search was justified upon the grounds already discussed. While no formal findings are required in this situation, such construction is consistent with the established rule that findings are to be construed to support a judgment.

The fact that the search was continued or resumed by one officer a very few minutes after the two officers and appellant had left the home does not invalidate it. (*People* v. *Montes*, 146 Cal.App.2d 530, 533 [303 P.2d 1064].)

Appellant also contends that the arrest by Sergeant Sims was invalid because the officer was outside his jurisdiction, the City of San Jose. If this contention refers to the "arrest" inside the house, it is immaterial. As already pointed out, the invalidity of this claimed arrest, if any, could not affect the lawfulness of the search. If the reference is to the arrest made after discovery of the marijuana, it is unavailing, since that arrest could have been made by any private citizen. (Pen. Code, § 837.)

Judgment affirmed.

Kaufman, P. J., and Dooling, J., concurred.

A petition for a rehearing was denied August 29, 1958, and appellant's petition for a hearing by the Supreme Court was denied September 24, 1958. Carter, J., and Schauer, J., were of the opinion that the petition should be granted.