[Crim. No. 6844.   Second Dist., Div. Two.   July 25, 1960.]

THE PEOPLE, Respondent, v. MILTON THEODORE SHAFER, Appellant.

A. Brigham Rose for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Ernest E. Sanchez, Deputy Attorney General, for Respondent.

FOX, P. J.—Defendant was convicted of violating section 12020, Penal Code (possession of a blackjack). He has appealed from the judgment and sentence (order granting probation) and from the order denying his motion for a new trial.

The police obtained a search warrant authorizing them to search defendant's premises, at 210 North Belmont Avenue in Los Angeles, for narcotics. Upon proceeding to that location they observed defendant coming out of the house. He was arrested and shown the search warrant. The premises were searched and the blackjack was found in a box in a kitchen cupboard. On the blackjack was a note which read, "This was brought from the east by Margo, my deceased wife, M. Shafer." Defendant stated that the blackjack belonged to his wife; that it had been given to her by a police officer from New Jersey for self-protection; that it had been in the cupboard with her personal effects, and that his wife had passed away four or five years ago. The box in which the blackjack was found was very dusty. No narcotics were found in the defendant's possession.

Defendant did not testify in his own defense. He contends that the search of his premises and his arrest were contrary to law.

Defendant's premises were searched pursuant to the warrant therefor. Defendant has furnished neither evidence, authority, nor argument to challenge the validity of the warrant. He did not seek review of the issuance of such warrant under Penal Code, sections 1539 and 1540. (See *Arata* v. *Superior Court,* 153 Cal.App.2d 767, 769-770 [315 P.2d 473] ; *People* v. *Dosier,* 180 Cal.App.2d 436, 439, 440 [4 Cal.Rptr. 309].) It therefore follows that the evidence produced at the trial was admissible against defendant for, while it is true that the warrant was issued to authorize the search of defendant's premises for narcotics and that the object actually found was a blackjack, this fact does not render it inadmissible in evidence because police officers, acting properly in the course of their duty, are not required "to blind themselves to what was in plain sight simply because it was disconnected with the

purpose for which they entered." (*People* v. *Roberts*, 47 Cal. 2d 374, 379 [303 P.2d 721] ; *People* v. *Ortiz*, 147 Cal.App.2d 248, 251-252 [305 P.2d 145] ; *People* v. *Littlejohn*, 148 Cal. App.2d 786, 791 [307 P.2d 425].)

*People* v. *Ortiz, supra*, is here particularly apposite. It was there argued (p. 251) that the marijuana found in defendant's car "was illegally seized and therefore inadmissible in evidence because it 'was not related to the crime for which the defendant had been placed in custody. . . .' " This court pointed out that "an effective answer to this contention is found in *Harris* v. *United States*, 331 U.S. 145 [67 S.Ct. 1098, 91 L.Ed. 1399]. In that case federal officers, armed with an arrest warrant, arrested the defendant for one crime and while searching his apartment found evidence which implicated him in a wholly different and distinct offense. Upon conviction of the second charge, defendant appealed on the ground, among others, that the evidence thus procured was improperly admitted as it was not within the purview of the charge for which he was arrested. In rejecting defendant's contention, the court stated (pp. 154-155) : 'Here during the course of a valid search the agents came upon property of the United States in the illegal custody of the petitioner. . . . A crime was thus being committed in the very presence of the agents conducting the search. Nothing in the decisions of this Court gives support to the suggestion that under such circumstances the law-enforcement officials must impotently stand aside and refrain from seizing such contraband material. If entry upon the premises be authorized and the search which follows be valid, there is nothing in the Fourth Amendment which inhibits the seizure by law-enforcement agents of government property the possession of which is a crime, even though the officers are not aware that such property is on the premises when the search is initiated." This court further observed (pp. 251-252) that "similar views were recently expressed by our Supreme Court in *People* v. *Roberts*, 47 Cal. 2d 374, at 379 [303 P.2d 721]. It is there pointed out that officers in the course of conducting a reasonable search do not have to blind themselves to what is in plain sight simply because it is disconnected with the purpose for which they entered. In support of this principle the court cited *Love* v. *United States*, 170 F.2d 32, where officers entered defendant's home legally for the purpose of searching for another man but in the course of their search they discovered a still in operation, and *Paper* v. *United States*, 53 F.2d 184, where

officers entered lawfully for the purpose of finding and arresting defendant on one charge but in searching for defendant they found an illegal supply of liquor, constituting another offense, in the basement." So here, since the search of the premises was pursuant to the authority of a search warrant the officer was not required to close his eyes to the blackjack that he discovered simply because it was disconnected with the initial purpose of the search (*People* v. *Roberts, supra*), and the blackjack thus discovered was not thereby rendered inadmissible in evidence. (*Harris* v. *United States, supra*; *People* v. *Ortiz, supra.*)

Defendant argues that his arrest was illegal on the theory of lack of probable cause and therefore the search of his premises was illegal. His conclusion does follow from his premise. The search was not made as an incident to a valid arrest, but rather under the authority of a search warrant. Furthermore, a search may be valid despite an invalid arrest. (*People* v. *Murphy*, 173 Cal.App.2d 367, 379 [243 P.2d 273]; *People* v. *Ball*, 162 Cal.App.2d 465 [328 P.2d 276].) In the latter case, at page 467, the court stated: "We know of no rule by which a valid search, justifiable without reference to an arrest, is voided by the unlawfulness of an arrest upon which the search does not depend." To the same effect, see *People* v. *Ransome,* 180 Cal.App.2d 140, 146 [4 Cal.Rptr. 347].)

The judgment and sentence, which are one and the same, and the order denying a new trial, are affirmed.

Ashburn, J., and Richards, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.