[Crim. No. 7340.   Second Dist., Div. Two.   Feb. 15, 1961.]

THE PEOPLE, Respondent, v. PHILIP LEE STEWART, Appellant.

Edward J. Skelly for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

McMURRAY, J. pro tem.*—After plea of not guilty to an information charging defendant with one count of possessing a narcotic, marijuana, in violation of section 11530 of the Health and Safety Code, a felony, the defendant waived jury trial and stipulated that the cause be submitted on the testimony contained in the transcript for the proceedings had at the preliminary hearing subject to the trial court's rulings. Objection was made as to the admissibility of the physical evidence on the ground that it was the result of an unlawful search and seizure. This objection was overruled and the trial court found the defendant guilty as charged and granted him probation on various conditions, one of which being that he should spend the first 60 days of the probationary period in the county jail. It is from this judgment that the defendant here appeals.

The evidence shows that appellant was in a grocery-liquor store in Burbank on the evening of December 17, 1959, when his presence there was noticed by two police officers on routine patrol in a police car, which was proceeding at from 5 to 10 miles per hour. Appellant was then in the grocery part of the store, and the officers were in their car opposite the store, across the street.

There was another young man in the store at the same time and the officers were alert because of a recent ''rash of 211's'' that is, armed robberies, in the area. They did not know whether the appellant and the other young man in the store were together or not, but being on the alert because of the recent armed robberies, the officers turned the car around and pulled in front of the store. The appellant came out of the store, carrying a bottle of milk in a brown paper bag. He walked toward the police car and the corner of Kenwood and Burbank Boulevard when one of the officers called to him to stop, which he did.

---

*Assigned by Chairman of Judicial Council.

This officer asked appellant where he lived and where he was going. The appellant answered that he lived in North Hollywood whence he had walked to Burbank and that he was going to Tim Kelly's where he was going to meet a Mr. Little and the three of them were going out. Tim Kelly was known to the questioning officer as a narcotic suspect, having surrendered . himself to the officer about a month previously on a narcotic warrant.

While questioning the appellant, the officer, by radio, called the police department for a record check and was informed that there was a $48 traffic warrant with no restrictions outstanding against appellant at the Los Angeles Police Department. Upon receiving this information, appellant was formally placed under arrest at 8 :15 p. m. In the routine search which followed this arrest five cigarettes were found in appellant's pockets, which he admitted were marijuana cigarettes. The officer admitted that if appellant had attempted to leave during the time of the questioning preceding the formal arrest, he would have been effectively detained. However, appellant made no such attempt.

The appellant at the trial objected to the admission of the evidence on the ground that the officers' receipt of the radio information was "a hearsay ascertainment of the warrant." On appeal, counsel argues that the best-evidence rule, Code of Civil Procedure, section 1855, was violated by the respondent's failure to introduce the warrant itself into evidence to prove its existence.

"There is, of course, nothing unreasonable in an officer's questioning persons outdoors at night." (*People* v. *Simon*, 45 Cal.2d 645, 650 [290 P.2d 531], and cases there cited.) In the instant case the fact of recent armed robberies certainly justified the officers in talking to appellant. When, in the course of that questioning, it transpired that appellant was on his way to visit Tim Kelly, a known narcotic suspect, it would not seem unreasonable for the officers to request, via car radio, a record check on the defendant. The information that there was an outstanding traffic warrant without restrictions was received by the officers through official channels and the officers were justified in relying upon its trustworthiness. (*People* v. *Hood,* 150 Cal.App.2d 197 [309 P.2d 856].) This is true even though such information was received over the radio. (*People* v. *Hupp,* 61 Cal.App.2d 447, 449 [143 P.2d 84] ; *People* v. *Borbon,* 146 Cal.App.2d 315, 319 [303 P.2d 560].)

The fact that in the last cited case the radio information received by the officers was held to be sufficient basis for a reasonable suspicion that a felony had been committed would not appear to estop the officers here from relying upon the trustworthiness of the information, that a warrant was in fact outstanding against appellant. ▉ In acting on information, an officer does not have to act upon information that will later prove to be legally admissible evidence. (*People* v. *Smith*, 50 Cal.2d 149, 151 [323 P.2d 435].)

Penal Code, section 842, expressly provides that an arrest without a warrant in an officer's possession is legal. (See also *People* v. *Feeley*, 179 Cal.App.2d 100 at 105 [3 Cal.Rptr. 529].)

It does not appear that the appellant ever requested the production of the warrant at the preliminary hearing, as he had a right to do under section 842 of the Penal Code; nor does it appear that he ever requested the production of this warrant at the trial.

▉ It is axiomatic that the objection now urged, that is, that the best-evidence rule was violated cannot be raised by the appellant for the first time on appeal. See generally: 3 California Jurisprudence 2d, Appeal and Error, section 140 and *People* v. *Modell*, 143 Cal.App.2d 724, 730-731 [300 P.2d 204], where it is said: "... the objection could have been cured by the party offering the testimony if the reason for which it was objected to had been given in the trial court . . ." The provisions of section 1938 of the Code of Civil Procedure enunciate substantially the same rule as the quotation just above. ▉ In any event, it would appear here that the officers were justified in formally arresting the appellant under a proper interpretation of Penal Code, section 842, and it would further appear that having so arrested the appellant, they were justified in searching him. Any officer who, when arresting an unknown person, fails to search that person before commencing to transport him to jail would be derelict in common caution and in all probability would experience some unpleasantness.

▉ If the appellant questioned the truth of the information upon which the officers acted, namely, that a warrant for his arrest was outstanding, the proper course to follow would seem to be indicated by the language of Penal Code, section 842: "An arrest by a peace officer acting under a warrant is lawful even though the officer does not have the warrant in his possession at the time of arrest, *but if the person arrested*

*so requests it, the warrant shall be shown to him as soon as practicable.''* (Italics added.) It appears from the record that at no time did defendant, or his counsel, at trial, or before, request that the warrant be shown to them. By failing to so request, they must be deemed to have waived that right.

The judgment is affirmed.

Fox, P. J., and Ashburn, J., concurred.

A petition for a rehearing was denied March 6, 1961, and appellant's petition for a hearing by the Supreme Court was denied April 12, 1961.