[Crim. No. 7111.   Second Dist., Div. Three.   Mar. 2, 1961.]

THE PEOPLE, Respondent, v. STEVEN L. STRELICH, Appellant.

Steven L. Strelich, in pro. per., for Appellant.

No appearance for Respondent.

THE COURT.—Steven L. Strelich was convicted in a court trial of the possession of marijuana. It was alleged that he had previously served a term in prison after being convicted of violation of narcotic laws (Health & Saf. Code, § 11500). Defendant was arraigned on the prior conviction, denied it, and the court made no finding thereon. The appeal is from the judgment and an order denying his motion for new trial.

Upon the trial defendant was represented by attorney Patrick E. Duggan. Defendant applied to this court for appointment of counsel on the appeal, asserting that he was without funds. The court appointed Mr. Duggan, who accepted the appointment; defendant discharged Mr. Duggan and requested the appointment of another attorney; defendant's rejection of Mr. Duggan as his attorney was arbitrary and not based upon any rational ground. We reviewed the trial transcript and found that Mr. Duggan gave the defendant vigorous and competent representation at the trial. It also clearly appeared from the record that the case was tried without error and that the appeal has no merit. The request for appointment of other counsel was denied. (See *People* v. *Tabb*, 156 Cal.App.2d 467 [319 P.2d 656].) Defendant was notified under rule 17(a), Rules on Appeal, was given time in which to file a brief and none has been filed.

Under stipulation there was introduced the testimony of William King given at the preliminary examination. He had examined capsules containing leafy material that had been taken from defendant, and found them to be marijuana. After the receipt of the testimony of the arresting officers the marijuana was offered in evidence; defendant objected

upon the ground that it had been seized unlawfully. The objection was overruled and the capsules and contents were received in evidence.

Officers Lestelle and Hill received information through official channels that there were two outstanding warrants issued by the municipal court for the arrest of defendant for traffic violations. They were likewise informed that Strelich had served a term in state prison for violation of the narcotic laws, and that he was suspected of being engaged in the sale of narcotics. The officers were not given the warrants for service. No search warrant had been issued. The officers went to the address of defendant; Officer Hill knocked, a woman answered the door, the officer identified himself, stated he wished to talk with Strelich and was admitted by the woman. He saw defendant go from the living room into a bathroom where he stood on top of a bathtub looking out of the upper portion of a window. Hill placed defendant under arrest upon the traffic warrants. As they were returning to the front room, down a hallway, defendant appeared to be highly nervous and kept making motions as though to reach into his trouser pockets. He was told to keep his hands in plain sight. Officer Lestelle was then admitted to the house. Defendant made another motion as though to reach into his pants pocket. Officer Hill reached into defendant's front trousers pocket and extracted a vial containing a leafy substance which he identified as marijuana. The officer testified that he thought there was a possibility defendant had a weapon in his pocket or some sort of contraband. A search was then made of the premises and other marijuana was found, including part of a marijuana cigarette and some scraps of leafy material identified as marijuana. Although the officers did not have in their possession either of the traffic warrants, which were at the time in the headquarters office, there was no demand that they be shown to defendant and there was no necessity that they be in the possession of the officers. (Pen. Code, § 842.) They were introduced in evidence at the trial.

Officer Lestelle testified that before they started to apprehend defendant he had made a search of the Police Record and Identification Bureau and verified existence of the warrants; he also ascertained that defendant had served a term in prison for the possession of narcotics. When Officer Lestelle came into the house, Officer Hill was "patting down" de-

fendant and Lestelle witnessed the removal of the capsules containing the marijuana.

Defendant did not testify or offer any evidence. His sole defense was that the marijuana was taken in the course of an unlawful search. We find his contention to be without merit.

■ An officer has a right to forestall the efforts of an arrestee to reach for a weapon, to require the arrestee to keep his hands in sight and then to take and examine anything that may be found on his person. The tragic record of the deaths of peace officers who have allowed suspected persons an opportunity to use a weapon and the usual practice of sending two or more officers together to make an arrest of an ex-convict, or other supposedly dangerous character, prove not only the right of officers to use all reasonable means to protect themselves but the necessity that they do so in order that they be saved from untimely death, and other humans be saved from the gas chamber. (See *People* v. *Robillard*, 55 Cal.2d 88 [10 Cal.Rptr. 167, 358 P.2d 295].) The right to search for dangerous weapons in connection with an arrest "is not to be doubted." (*Agnello* v. *United States*, 269 U.S. 20, 30 [46 S.Ct. 4, 70 L.Ed. 145, 51 A.L.R. 409].) This has been the statutory law since 1872. Section 846 of the Penal Code provides: "Any person making an arrest may take from the person arrested all offensive weapons which he may have about his person, and must deliver them to the magistrate before whom he is taken." Conditions of today make it more than ever imperative that peace officers protect themselves from the "fast draw" which the youth of the country are being encouraged to believe in and practice as a supposedly manly accomplishment.

The Legislature wisely enacted section 833 of the Penal Code in 1957, which reads as follows: "A peace officer may search for dangerous weapons any person whom he has legal cause to arrest, whenever he has reasonable cause to believe that the person possesses a dangerous weapon. If the officer finds a dangerous weapon, he may take and keep it until the completion of the questioning, when he shall either return it or arrest the person. The arrest may be for the illegal possession of the weapon."

■ It is true that in view of all the facts that were known to Officer Hill he may have suspected that defendant was in possession of a narcotic, but there was no reason why a suspicion that defendant might possess a narcotic should

have deterred Officer Hill, in the interest of his own safety, from ascertaining what it was defendant was endeavoring to remove from his pocket.

When the marijuana was found in defendant's pants pocket an arrest was made for possession. It was an arrest in the performance of a manifest duty. The marijuana was recovered in the course of a lawful search of defendant's person. The fact that the search was not connected with the offense stated in the warrants did not render the seizure illegal. (*Harris* v. *United States,* 331 U.S. 145 [67 S.Ct. 1098, 91 L.Ed. 1399] ; *Abel* v. *United States,* 358 U.S. 813 [79 S.Ct. 59, 4 L.Ed.2d 668].) The evidence was properly received.

The judgment and the order denying motion for a new trial are affirmed.