[Crim. No. 3854.   Third Dist.   Jan. 6, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. AUBREY M. PIKE, Defendant and Appellant

---

*Assigned by the Chairman of the Judicial Council.

Vance J. Van Tassell, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Doris H. Maier, Assistant Attorney General, Edward A. Hinz, Jr., and Harold F. Bradford, Deputy Attorneys General, for Plaintiff and Respondent.

WARNE, J. pro tem.*—The court, sitting without a jury, found the defendant guilty of possession of marijuana in violation of section 11530 of the Health and Safety Code. He appeals, contending that illegally obtained evidence was used against him.

Agent Larkin of the California Bureau of Narcotic Enforcement, having been informed that marijuana was being grown at a certain residence in Rancho Cordova, viewed the premises from a supermarket parking lot adjacent to the backyard fence of said premises and saw plants which he recognized as marijuana growing in the backyard. Having obtained the identity of the defendant as the occupant of the residence located on said premises, he proceeded to the Municipal Court of Sacramento County and obtained a warrant to search the premises for marijuana plants.

Later the same day Agent Larkin, together with Agents Cozzalio and Nicolai of the Bureau of Narcotic Enforcement, went to the supermarket parking lot at the rear of defendant's premises and identified the marijuana plants which they saw extending above the fence separating defendant's backyard from the supermarket parking lot. While they were there Agent Cozzalio observed defendant in the backyard

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

watering the marijuana plants and also "fooling with the plants" with a brown paper bag in his hands.

Agents Larkin and Nicolai then proceeded to the front door of defendant's residence; Agent Cozzalio remaining at the rear of the premises to cover against attempted escape. Agents Larkin and Nicolai knocked on the front door and it was opened by defendant. The agents identified themselves, presented defendant with a copy of the search warrant and were admitted into the living room where defendant read the warrant. While defendant was reading the warrant, Agent Cozzalio entered the living room from the rear of the house and joined the group. After reading the search warrant, defendant said, "Well, come on and I'll show you where they're at," and was interrupted by Agent Cozzalio who informed defendant he had a right to remain silent, the right to counsel, and that anything he said could be used against him. Following these events the defendant took the agents into a bedroom where, in a closet, they found marijuana in loose leafy form and also in the form of cigarettes. They also went out into the backyard where the marijuana plants were examined. Defendant described to the agents how he had cared for the plants and cultivated them; there were 10 plants in all, approximately 10 feet tall. The brown paper bag, which the agents had seen from outside the fence, was found to contain freshly picked marijuana leaves. Defendant knew that the plants were marijuana and he admitted having prepared the cigarettes which were found in the bedroom.

After the contraband had been located defendant was handcuffed and taken by the agents to their headquarters. He had previously been told that he was under arrest. The agents took with them from the defendant's residence the marijuana material, plants, cigarettes and the related paraphernalia, which had been revealed by the search.

It was stipulated at the trial that the search warrant which the agents had with them on the date of the search was quashed by the issuing court. ▮ It appears to have been quashed because the affidavit to establish the grounds for the search stated that an informant supplied the agents with reasonable cause for the search but failed to identify the informant or show that he was reliable. Hence, it was issued without probable cause.

Notwithstanding the quashing of the search warrant by the issuing court, the trial court admitted into evidence over the

objection of defendant the seized marijuana, marijuana plants, marijuana cigarettes and related paraphernalia seized at defendant's residence.

Because of the invalidity of the search warrant defendant contends that the marijuana was seized as the result of an unlawful search warrant, and therefore, it was error on the part of the trial court to admit it into evidence.

In support of his contention defendant relies on the decision in *Aquilar* v. *Texas,* 378 U.S. 108 [84 S.Ct. 1509, 12 L.Ed.2d 723], where the Supreme Court of the United States ruled inadmissible evidence which had been obtained during a search conducted in execution of an invalid search warrant. In that case the only justification for the search was the warrant itself. However, that decision is not applicable to the factual situation in the present case. ▮▮ In the case at bench there was legal justification for the search in addition to, and entirely separate from, and not dependent upon, the existence of the search warrant. In the instant case the agents, while looking over the backyard fence into the backyard of defendant's premises from the supermarket parking lot, saw not only the marijuana growing there but also saw defendant watering, tending and ''fooling with the marijuana plants.'' From what they saw they had reasonable cause to believe that a felony was being committed by defendant, then and there, in their presence. Thus, the agents had the lawful right to arrest defendant without a warrant. (Pen. Code, § 836.) This they proceeded to do, and from the time the agents first entered defendant's residence, it was made clear to him that he was in custody. Looking over the back fence was not an illegal search. (*People* v. *Hen Chin,* 145 Cal.App.2d 583, 586 [303 P.2d 18].)

The fact the agents thought they were searching pursuant to a lawful search warrant and not because of probable cause does not alter the result. ''. . . It is not the actual state of the officer's mind that is determinative. It is the circumstances that determine the right to arrest. . . .'' (*People* v. *Knox,* 178 Cal.App.2d 502, 513 [3 Cal.Rptr. 70] ; see also *Ker* v. *California,* 374 U.S. 23 [83 S.Ct. 1623, 10 L.Ed.2d 726] ; *People* v. *Gibson,* 220 Cal.App.2d 15 [33 Cal.Rptr. 775].)

Having the right to lawfully arrest the defendant and having made the arrest, the agents also had a right to conduct a search of the premises, and whether the search preceded or followed formal words of arrest or physical restraint of defendant is immaterial (*Ker* v. *California, supra; Willson*

v. *Superior Court,* 46 Cal.2d 291 [294 P.2d 36]; *People* v. *Fischer,* 49 Cal.2d 442 [317 P.2d 967]; *People* v. *Torres,* 56 Cal.2d 864 [17 Cal.Rptr. 495, 366 P.2d 823]; *People* v. *Gibson, supra.*) ▮ Further, the search was proper. It was limited to the premises where the arrest was made, it was contemporaneous with the arrest, it had a definite object, and it was reasonable in scope. (*People* v. *Cruz,* 61 Cal.2d 861, 866 [40 Cal.Rptr. 841, 395 P.2d 889].)

▮ As we have previously stated, defendant, after reading the warrant, spontaneously stated to the agents, "Well, come on and I'll show you where they're at." Evidence of this statement made by the defendant was introduced at the trial over the defendant's objection. He now argues this evidence was prejudicial and reversible error, contending that the statement was procured in violation of the rules established in *People* v. *Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361]. At the time defendant made the statement he had not been interrogated by the agents. He was interrupted and immediately informed of his constitutional right to counsel and to remain silent. On the other hand, the People contend that this statement does not fall within the scope of the *Dorado* rule, and, even if it does, the error of its introduction into evidence was not such as would require a reversal of the conviction.

In *Dorado, supra,* at pages 353-354, our Supreme Court held that "defendant's confession could not properly be introduced into evidence because (1) the investigation was no longer a general inquiry into the unsolved crime but had begun to focus on a particular suspect, (2) the suspect was in custody, (3) the authorities had carried out a process of interrogations that lent itself to eliciting incriminating statements, (4) the authorities had not effectively informed defendant of his right to counsel or of his absolute right to remain silent, and no evidence establishes that he had waived these rights." Unless all four of these conditions are present, and unless all four of these events have occurred, the suspect's statement was not obtained in violation of his constitutional rights, and it is admissible.

To the same effect are *People* v. *Schader,* 62 Cal.2d 716 [44 Cal.Rptr. 193, 401 P.2d 665], and *People* v. *Stewart,* 62 Cal. 2d 571 [43 Cal.Rptr. 201, 400 P.2d 97]. In the *Stewart* case the court, following the language of the *Dorado* opinion, held that the "accusatory state" matures when two conditions eventuate, namely, the arrest of the suspect and the process

of interrogation by the officers lends itself to eliciting incriminating statements.

In the instant case these conditions were not all present. While the investigation had focused on the defendant, and he was in custody, and he had not at that time been advised of his right to counsel and of his right to remain silent, his statement was not the result of interrogations carried on by the agents of the California Bureau of Narcotics for the purpose of eliciting incriminating statements. In fact, there was no evidence that the agents had at that time asked defendant anything at all except his name. Defendant blurted out the statement spontaneously and voluntarily immediately after reading the search warrant. Hence, being a voluntary unsolicited statement, it is clearly outside the scope of the rule laid down in the *Dorado* case and was therefore properly admissible in evidence. (*People* v. *Modesto,* 62 Cal.2d 436 [42 Cal.Rptr. 417, 398 P.2d 753]; *People* v. *Jenkins,* 232 Cal. App.2d 323 [42 Cal.Rptr. 654]; *People* v. *Beverly,* 233 Cal.App.2d 702 [43 Cal.Rptr. 743].)

Further, upon the record in this case, even if the statement had been excluded, there is no reasonable probability that the trier of fact would have reached a result more favorable to the defendant.

The judgment is affirmed.

Pierce, P. J., concurred.