[Crim. No. 2196.   Fourth Dist., Div. One.   Jan. 12, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. JACK CHILTON, Defendant and Appellant.

Jack Chilton, in pro. per., and David R. Cadwell, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Stanton J. Price, Deputy Attorney General, for Plaintiff and Respondent.

WHELAN, J.—Defendant appeals from a judgment of conviction of possessing marijuana (Health & Saf. Code, § 11530), by which he was sentenced to prison for the term prescribed by law.

For more than 30 days prior to October 2, 1964, defendant had been living in the City of Garden Grove in Orange County. He was subject to the requirements of section 11850, Health and Safety Code, for a prior offense involving the use

or possession of narcotics but had not registered with the chief of police as required by that section. He was living in a two-story apartment building which had been under prior occasional observation by the police since September 24.

Officer Nourse obtained a warrant for the arrest of defendant for violation of section 11850, Health and Safety Code, on October 2; the warrant was endorsed for service at night; in the evening Officer Nourse and his partner, Roth, went to defendant's apartment where they observed about 50 people between the ages of 17 and 25 years going into and coming out of the apartment and congregating on the front lawn and steps; the outside door of the apartment was open. Many of the crowd, most of whom were of high school age, held bottles and cans of beer; one of those who had beer appeared to be a minor. Because he feared possible interference from the crowd in making the arrest, Nourse called for assistance; about 11 o'clock at night the amount of activity in and about the apartment had lessened and four police investigators had arrived to reinforce Nourse. Nourse, having recognized the defendant through the open door from photographs, then walked in, announced his identity, displayed and read the warrant to defendant, and declared defendant under arrest. Nourse told defendant he had a right to counsel and a right to remain silent. Nourse then asked the defendant to submit to a search, and started to make a search of defendant's person; defendant struck at Nourse. A scuffle ensued in which defendant went to the floor but continued to strike out with his arms and legs until subdued by Nourse and Roth.

Roth then searched the person of defendant and found in a trouser pocket what was recognized by Nourse, who had some expertise on the subject, as a partially-smoked marijuana cigarette, 1 to 1½ inches in length. Upon seeing the cigarette, the defendant said, "Hey, man, I have been planted."

Next, Roth asked defendant if he had any more marijuana and received an affirmative answer. Roth left to make a search of the apartment. Nourse remained with defendant until an investigator informed Nourse that a neighbor had said that the defendant was growing some plants in the patio area. The patio area consisted of a section of concrete pavement surrounded by a strip of earth in which plants recognized by Nourse as marijuana were being cultivated. Some of them were visible through a sliding glass door between the living room and the patio area; but Nourse went out to the patio area, not after having observed the plants from inside

the apartment, but because of the information given him. The patio area was overlooked by the windows of the apartment of the neighbor who gave the information about the presence of the plants.

A second man who lived in defendant's apartment was not present at the time of the events described; Nourse, in order to ascertain which of the occupants had planted the marijuana, asked defendant whose plants they were. Defendant said they were his and he had planted them.

Defendant did not introduce any evidence.

Defendant's sole attack is upon the introduction into evidence of the marijuana plants and of the testimony concerning them, claiming that the plants were the product of an illegal search and seizure. Defendant argues that the obtaining of the warrant for arrest was only a pretext on the part of the police upon which to base an illegal exploratory search. The legality of the warrant of arrest is not challenged, nor are the facts upon which it was based denied. Service of the warrant of arrest for the particular charge would not justify a general exploratory search made for the purpose of discovering evidence of another offense. (*People* v. *Schaumloffel,* 53 Cal.2d 96 [346 P.2d 393].) The legality of the search and of the discovery of the marijuana plants, and of their admissibility into evidence, must depend, however, upon the circumstances that existed when the search was made, not upon the result of speculation as to the motive or purpose of the police prior to the making of the legal arrest and the discovery made in the legal search of defendant's person incident to the legal arrest.

It was proper for the police to serve the warrant; and having placed defendant under arrest, it was proper to search his person. (*People* v. *Strelich,* 189 Cal.App.2d 632 [11 Cal.Rptr. 807].) Having discovered what Officer Nourse recognized to be the ''roach'' of a marijuana cigarette upon defendant's person, an arrest of defendant on a felony charge would have been proper. Such arrest would have justified an immediate search of the premises on which the arrest was made to discover whether there might be other such contraband therein. (*People* v. *Winston,* 46 Cal.2d 151, 162 [293 P.2d 40].) Since defendant already was under arrest by Nourse, the formality of a second arrest was unnecessary. A search made immediately before an arrest for possession of marijuana would have been proper if reasonable and probable cause existed for such an arrest prior to the search.

(*People* v. *Mateo,* 171 Cal.App.2d 850, 856 [341 P.2d 768].) The trial judge stated that he would not have found the defendant guilty of possession, based merely upon his possession of the "roach"; even so, defendant's possession of it could give rise in the mind of a reasonable and prudent person to a strong suspicion, honestly and conscientiously entertained, that a felony had been committed by defendant so as to justify the search of the premises, including the adjoining outside area.

Defendant contends that even if the search of the inside of the apartment was justified, to make a search in the patio area was not justified. There is no reason for this distinction; although there was a wooden fence separating defendant's patio area from like areas of other tenants of the apartment complex, it was an area open to observation by many people other than the defendant. Moreover, the information given by the neighbor to one of the investigators and related to Nourse naturally and reasonably would have prompted the officer, after the discovery of the marijuana "roach," to examine the patio area.

The judgment is affirmed.

Brown (Gerald), P. J., and Coughlin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 9, 1966. Peters, J., was of the opinion that the petition should be granted.