[Crim. No. 12507.    Second Dist., Div. One.    Mar. 15, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. LUIS MENDOZA ALVARADO, Defendant and Appellant.

Luis Mendoza Alvarado, in pro. per., for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Doris H. Maier, Assistant Attorney General, and Raymond M. Momboisse, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of conviction of possession of marijuana.

In an information filed in Los Angeles County on January 25, 1966, defendant was charged with possessing marijuana on December 5, 1965. It was further charged that on October 15, 1962, in the Superior Court in Los Angeles County, defendant had been convicted of the crime of violation of section 11500, Health and Safety Code, a felony. Defendant pleaded not guilty. In a trial without a jury, defendant was found guilty as charged. Upon motion of the prosecution the charge of the prior conviction was dismissed. Defendant was sentenced to the state prison; the sentence was suspended and defendant placed on probation, a part of the terms being that he spend one year in the county jail. The notice of appeal was timely filed.

A résumé of some of the facts is as follows:

At about 6:30 a.m. on December 5, 1965, Deputy Sheriffs Thatcher and Tolman, of the Los Angeles County Sheriff's

Department, were on duty in the neighborhood of Clela and Whittier Boulevard. They had previously received information with reference to a murder-robbery and a description of a suspect. Defendant and a male companion were walking westbound on Whittier Boulevard and both appeared to be in an intoxicated condition. Defendant matched the description of the man wanted for the murder-robbery offense. The officers stopped defendant and his friend for investigation. Identification was requested and defendant's friend produced identification as to who he was. Defendant gave to the officers a social security card containing the name "Alvarado." Thatcher noticed a large bulge in the clothing of defendant on his right side, in the area of his right coat or pants pocket. The officers had information that the weapon used in the murderrobbery was a .45 caliber automatic pistol and decided that it would be proper and advisable to search for weapons. Defendant's friend was searched first. While that search was taking place, defendant picked up some papers which he had previously dropped and then started to walk away from the scene of activity. Defendant was brought back and Tolman began a search of defendant's person.

The search for weapons consisted of a "pat down" accomplished by running the hands over the outside of defendant's clothing. Tolman checked the area of the bulge in defendant's clothing and extracted a bottle of brandy from defendant's coat. After the bottle was taken, the officer continued with the "pat down" search and when he got to the area of defendant's left shirt pocket, defendant pushed Tolman away and struck Thatcher with his clenched fist and then ran east on Whittier Boulevard. Defendant was apprehended within moments and was then placed under arrest for the battery on Thatcher. At the scene the search was completed. The officer felt and extracted from defendant's left shirt pocket a small brown paper sack containing marijuana plant fragmentations and a plastic vial containing some cellophane and a partially smoked marijuana cigarette.

Defendant was placed in the sheriff's radio car, and while enroute to the station with the deputies defendant was told by Thatcher that he had a right to remain silent, that he had a right to an attorney, and that anything he said could be used against him. It appeared to the officers that defendant understood the rights as explained to him. Freely and voluntarily, and in response to being advised of his rights, defendant said "there was nothing wrong with marijuana, it was just against

452

the law." At the station defendant was booked for battery and the possession of marijuana.

Appellant now asserts that he was charged and convicted of a misdemeanor (battery on the officer) in the municipal court and served 30 days in jail on account thereof and (1) consequently the prosecution for the possession of marijuana is a multiple prosecution prohibited by section 654, Penal Code; (2) that the conviction here is the result of an unlawful search and seizure; and (3) that his rights under *People* v. *Dorado*, 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361] and *Escobedo* v. *Illinois*, 378 U.S. 478 [12 L.Ed.2d 977, 84 S.Ct. 1758] were violated and that his right to counsel was denied.

■ Appellant relies in great part upon what is stated in *Kellett* v. *Superior Court*, 63 Cal.2d 822 [48 Cal.Rptr. 366, 409 P.2d 206]. We see no common element of substantial importance in the commission of the crime of possessing narcotics and in striking an officer. Each case, of course, must be decided upon the particular facts of the case to be decided, and here there is no element common to the two offenses. The possession of a narcotic is in no way an element of or connected with the crime of battery. Here it is evident that appellant had the possession of the narcotics long before he committed the battery upon the officer who was standing by while appellant was being searched for weapons.

■ With reference to the search, we think that it was perfectly reasonable under the circumstances. The facts surrounding the search have heretofore been set forth and it reasonably appears that the officers in the first instance, from what they saw and knew, might well have been dealing with an armed murderer-robber. When appellant produced a social security card with the name "Alvarado" thereon, it could well have meant nothing. When the officers directed their attention temporarily to appellant's friend, appellant started to leave the scene. The fact that the bulge in the clothing of appellant resulted in the taking of a bottle of brandy from appellant's pocket in no way indicated that appellant might not have a weapon or weapons upon him. The search in which the narcotic was located was made after the appellant had been arrested for the battery upon Officer Thatcher. It was reasonable to make the search under the circumstances before starting to the station. (*People* v. *Stewart*, 189 Cal.App.2d 176, 179 [10 Cal.Rptr. 879].)

■ The statement of appellant to the officers, while on the way to be booked, was properly received into evidence. The

appellant had been advised of his rights under the *Dorado* and *Escobedo* rules; there was no showing that the officers were engaged in a process of interrogation (in fact, the record would indicate that no question had been put to appellant and that he was not answering any question). Furthermore, there was no objection made at the trial upon the grounds that any *Dorado* rule had been violated. The statement by appellant was an unsolicited, voluntary and spontaneous declaration. (See *People* v. *Pike,* 239 Cal.App.2d 237, 242 [48 Cal.Rptr. 575]; *People* v. *Luker,* 63 Cal.2d 464 [47 Cal.Rptr. 209, 407 P.2d 9]; *People* v. *Alvarez,* 236 Cal.App.2d 106 [45 Cal.Rptr. 721]; *People* v. *Vallarta,* 236 Cal.App.2d 128 [45 Cal.Rptr. 631].)

There is no evidence that appellant was intoxicated to the extent that he did not know what he was doing, and what he was saying. The uncontroverted testimony of the officer is that appellant was not drunk.

Furthermore, the statement made by appellant is, at most, an admission and not a confession.

Appellant lastly raises the issue of the rule in *Miranda* v. *Arizona,* 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602]. The rule of *Miranda* is not applicable to this case. (See *People* v. *Rollins,* 65 Cal.2d 681 [56 Cal.Rptr. 293, 423 P.2d 221].)

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.