[Crim. No. 16543.  Second Dist., Div. Two.  Dec. 4, 1969.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN HUEY HONORE, Defendant and Appellant.

**COUNSEL**

Frank Heller for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Peter G. Samuelson, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**HERNDON, J.**—Defendant appeals from the judgment convicting him of possession of marijuana for sale (Health & Saf. Code, § 11530.5) and possession for sale of a restricted dangerous drug in the nature of an amphetamine (Health & Saf. Code, § 11911). Both appellant's pretrial motion to suppress under Penal Code section 1538.5 and the cause on its merits were submitted to the trial court on the transcript of the preliminary hearing.

### Appellant's Contentions

Appellant does not question the sufficiency of the evidence to prove his guilt but attacks the judgment solely on the basis of two contentions, namely: (1) that his arrest and the search made incident thereto were illegal; and (2) that the attorney who appeared for him at his trial had not been regularly substituted for the private attorney whom he had employed and that said appearing attorney failed to provide him with competent representation as evidenced by his joining in the stipulation to submit the cause on the transcript of the preliminary hearing. In support of the foregoing assignments of error appellant has advanced the following

basic contentions: "(1) A search and/or arrest warrant is required under the Fourth Amendment to the United States Constitution where no offense is committed in the presence of the officers, where there is sufficient time to obtain said warrant and where no pressing emergency exists; (2) Where [the] arrest of [a] defendant is a mere pretext for searching the premises, evidence obtained thereby is illegally obtained; (3) Where the counsel representing appellant at trial and at probation and sentencing hearing was neither obtained by defendant as private counsel nor properly substituted in as attorney of record, nor appointed by the court, and where said counsel at trial merely submits on the basis of the transcript of the preliminary hearing and refuses to try said matter before a jury, appellant's rights of representation as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution have been violated as well as appellant's rights pursuant to sections 284 and 285 of the Code of Civil Procedure."

## Statement of Facts

Sergeant McKnight, an officer of the Los Angeles Police Department, testified that on April 3, 1967, he received information that appellant was "dealing [in] marijuana from his residence." Upon receiving this information, Sergeant McKnight caused a check to be made of the official police records and determined therefrom that appellant was named as the suspect in a crime report concerning an assault with a deadly weapon and that there was an outstanding warrant for appellant's arrest for that offense. The officer was further advised by one of the clerks in the Records and Identification Division that there was also an outstanding warrant for appellant's arrest on a traffic violation. The officer did not "actually physically search out this latter warrant."

Sergeant McKnight then proceeded to appellant's place of residence accompanied by another officer. After knocking and identifying themselves, the officers were invited into the apartment by one Michael Roundy, who advised the officers that appellant was expected to return to the premises in approximately 15 minutes. The officers entered the living room directly through the front door of the apartment. The residence was described as "a very small apartment" of three rooms consisting of the living room, kitchen and bedroom.

When appellant returned to the apartment a few minutes later, he entered and stood "directly adjacent to the entrance from the driveway area." The officer thereupon arrested appellant "for [a] 245, assault with a deadly weapon." The officer also told appellant that there was a traffic warrant for his arrest but that he was not arresting him on the basis of that warrant.

After making the arrest, the officer searched appellant's person for weapons and in the course of the search found "four small newspaper-wrapped bindles." The bindles contained a green leafy substance subsequently identified as marijuana.

The officer then proceeded to search the residence further and found a glass jar containing a substantial quantity of marijuana, a plastic vessel containing a substantial quantity of foil-wrapped tablets, a number of newspaper-wrapped bindles containing marijuana and a glass jar containing a large quantity of various capsules and tablets. The capsules were determined to be phenobarbital, nembutal and seconal. All of these items were recovered from a small cabinet and from the closet in appellant's bedroom. The officer also found a small suitcase in the closet of appellant's bedroom which contained a large quantity of marijuana. The officer expressed the opinion based upon the quantity of the narcotics found and the manner in which they were packaged that appellant had them in his possession for resale on the illicit market.

### Legality of the Arrest and Search

The legality of the arrest and incidental search conducted in this case is sustained by the well established rule of law that a police officer may make a valid arrest and a legal search incident thereto without a warrant in his possession where reasonable cause for the arrest is established on the basis of information received through official channels.

As stated by our Supreme Court in *People* v. *Webb,* 66 Cal.2d 107, 111-112 [56 Cal.Rptr. 902, 424 P.2d 342, 19 A.L.R.3d 708]: "Although the officers had no search warrant, they had ample reasonable cause to arrest defendant (Pen. Code, § 836, subd. 3) and hence were authorized to search his car as an incident to that arrest. (*People* v. *Robinson* (1965) 62 Cal.2d 889, 894 [44 Cal.Rptr. 762, 402 P.2d 834]; *People* v. *Burke* (1964) *supra,* 61 Cal.2d 575, 580 [39 Cal.Rptr. 531, 394 P.2d 67].) Reasonable cause was established by the information received by the officers via police teletype that there was a warrant outstanding for defendant's arrest; even though they were not in possession of the warrant itself they were entitled to make an arrest on the basis of this information as it was received from official sources. (*People* v. *Kraps* (1965) 238 Cal.App. 2d 675, 679 [48 Cal.Rptr. 89]; *People* v. *Schellin* (1964) 227 Cal.App.2d 245, 251 [38 Cal.Rptr. 593]; *People* v. *Stewart* (1961) 189 Cal.App.2d 176, 178 [10 Cal.Rptr. 879].)"

In *People* v. *Lara,* 67 Cal.2d 365 [62 Cal.Rptr. 586, 432 P.2d 202], cert.den. 392 U.S. 945 [20 L.Ed.2d 1407, 88 S.Ct. 2303], our Supreme

Court reaffirmed its holding in *Webb, supra,* and sustained a search as incident to a lawful arrest where the arresting officer had acted upon a request received by telephone from a police agency to take the defendant into custody on a murder charge. The court viewed the information received by the officer through official channels as providing reasonable cause to believe that defendant had committed a felony, thus justifying the warrant-less arrest.[1]

In the instant case, Sergeant McKnight acted reasonably and circumspectly in causing a check of the official records to be made at the "Records and Identification Section of the Los Angeles Police Department." The officer was informed that appellant "was a named suspect on a crime report for assault with a deadly weapon and that there was currently active with the police department a warrant for the arrest of the [appellant] for investigation of 245 Penal Code." The officer was further informed by the clerk of the same official agency that a traffic warrant against appellant was also outstanding.

We recognize the fact that prior to the time of appellant's arrest, the district attorney's office determined not to press the felony charge with the result that the felony warrant was withdrawn, whereupon the city attorney's office caused to be issued a misdemeanor complaint and a warrant for appellant's arrest for violations of Penal Code sections 242 and 415 involving charges of battery and disturbing the peace. The police records and the identification division had not been informed of this change in the status of the case at the time when Sergeant McKnight was provided with the information upon which he acted. As a result, the officer was not made aware of the more recent misdemeanor warrant which had been substituted for the felony warrant previously issued. It remains true, nevertheless, that the officer acted reasonably and properly upon the official information which he had received when he arrested appellant and conducted the incidental search.

It would constitute an outrageous sacrifice of substance to technical form to hold that the procedure followed by the police officer in this case was illegal merely because he acted without knowledge that the misdemeanor warrant had been substituted for the previously outstanding felony warrant and because it was not his subjective intent in making the arrest to rely upon the other outstanding warrant for appellant's traffic violation. Such a holding would violate the dictates of common sense and would be entirely inconsistent with the reasoning of the authorities above discussed. In *People* v. *Marquez,* 237 Cal.App.2d 627, 633 [47 Cal.Rptr. 166], an

---

[1]Penal Code section 842 provides: "An arrest by a peace officer acting under a warrant is lawful even though the officer does not have the warrant in his possession at the time of the arrest, . . ."

arrest based in substantial part upon official information that the defendant was wanted for burglary was upheld notwithstanding that the information later was found to be erroneous. As the court stated: "It appears that the information in the possession of the Stockton Police Department that defendant was wanted was erroneous. A Sacramento County warrant for defendant's arrest originally broadcast in 1963 had actually been cancelled. The State Bureau of Criminal Identification and Investigation had not been apprised of the cancellation and, therefore, neither had the Stockton Police Department. But in determining whether or not an arresting officer acts reasonably in believing that the person arrested had committed a felony the court looks only to the facts and circumstances presented to the officer when the arrest was made—not to something later discovered. (*People* v. *Schellin, supra,* 227 Cal.App.2d 245, 250.)"

■ A search such as that conducted in the instant case incident to a valid arrest is constitutionally reasonable and valid. (*People* v. *Berutko,* 71 Cal.2d 84, 94 [77 Cal.Rptr. 217, 453 P.2d 721]; *People* v. *Doherty,* 67 Cal.2d 9, 21-22 [59 Cal.Rptr. 857, 429 P.2d 177]; *People* v. *Burke,* 61 Cal.2d 575, 578 [39 Cal.Rptr. 531, 394 P.2d 67]; *People* v. *Ghimenti,* 232 Cal.App.2d 76, 81 [42 Cal.Rptr. 504].) "The relevant test is not whether it is reasonable to procure a search warrant, but whether the search was reasonable. That criterion in turn depends upon the facts and circumstances—the total atmosphere of the case." (*People* v. *Berutko, supra,* at p. 94, quoting from *United States* v. *Rabinowitz,* 339 U.S. 56, 66 [94 L.Ed. 653, 660, 70 S.Ct. 430].)

■ Appellant's references to the recent decision of the United States Supreme Court in *Chimel* v. *California,* 395 U.S. 752 [23 L.Ed.2d 685, 89 S.Ct. 2034], are unavailing in view of the fact that the new rules of law enunciated therein are not to be given retroactive application to cases in which the arrest and search were made prior to the date of that decision. (*People* v. *Edwards,* 71 Cal.2d 1096, 1107 et seq. [80 Cal.Rptr. 633, 458 P.2d 713].) The search here involved was conducted more than two years ago.

Appellant further contends that the search conducted in this case, and not appellant's arrest, was the actual object of the officers in entering the residence. He argues, in other words, that the arrest was a mere pretext for the search and therefore that the search was unreasonable. The identical contention was rejected in *People* v. *Webb, supra,* 66 Cal.2d 107, 112, with the following comment: "Defendant urges nevertheless that the arrest

was merely a 'pretext' for the search and hence that the latter was not reasonable within the meaning of the Constitution. (See *People* v. *Haven* (1963) 59 Cal.2d 713, 719-720 [31 Cal.Rptr. 47, 381 P.2d 927], and cases cited.) In support, defendant points primarily to the fact that the policemen who arrested him were acting on the authority of a burglary warrant. The argument is without merit. There is no authority holding it unlawful for a police officer assigned to a narcotics detail to execute a warrant of arrest for an offense unrelated to narcotics. On the contrary, Penal Code section 816 declares that 'A warrant of arrest must be directed generally to any peace officer in the State, and may be executed by any of those officers to whom it may be delivered.' "

### Effective Aid of Counsel

There is no merit in appellant's contention that Mr. Korengold, the attorney who appeared to represent him at the trial, displayed such lack of diligence and competence as to reduce his trial to a farce and a sham and to deny him his constitutional right to the effective assistance of counsel. (Cf. *People* v. *Ibarra,* 60 Cal.2d 460, 464 [34 Cal.Rptr. 863, 386 P.2d 487], cited by appellant.)

The incriminating evidence in this case constitutes such overwhelming proof of appellant's guilt that it properly can be characterized as conclusive. Mr. Korengold, in advising appellant to agree to a submission of the case on the transcript of the preliminary hearing, was acting in conformity with the written instructions of Mr. Spevack, the attorney employed by appellant and the attorney who personally had represented him at the preliminary hearing. ■ The fact that his counsel advised appellant to agree to a submission on the transcript certainly does not prove incompetent representation. (*People* v. *Chamberlin,* 242 Cal.App.2d 594, 596-597 [51 Cal.Rptr. 679], and decisions therein cited.)

Moreover, the record affirmatively establishes that appellant was afforded adequate and competent representation throughout the proceedings. (*People* v. *Hill,* 70 Cal.2d 678 [76 Cal.Rptr. 225, 452 P.2d 329].)

■ Equally insubstantial is appellant's contention that because Mr. Korengold was not formally substituted for Mr. Spevack as his attorney of record, he was deprived of his constitutional right to counsel of his own choice. The record indicates that when the cause came on for trial, Mr. Spevack was absent from the jurisdiction on a trip to Australia and was not expected to return for about two months. When appellant indicated that he entertained some doubt or question whether he should proceed in the

absence of his counsel of record, the trial judge very carefully explained the situation to him and offered him his choice of three alternatives, namely, (1) to grant him a continuance if he desired it in order to enable him to consult further with his counsel; or (2) to set the case down for a jury trial on a future date; or (3) to proceed by a submission on the transcript of the preliminary hearing. After further consultation with Mr. Korengold, appellant definitely expressed his desire to follow the latter procedure. When the court asked him, "Are you satisfied then that this is what you want to do?" appellant answered, "Yes."

The judgment is affirmed.

Roth, P. J., and Wright, J., concurred.

A petition for a rehearing was denied December 23, 1969.