412 So.2d 561 (1982)
STATE of Louisiana
v.
George David TOKMAN.
No. 81-KA-1461.
Supreme Court of Louisiana.
April 5, 1982.
*562 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., William C. Pegues, III, Dist. Atty., David W. Burton, Asst. Dist. Atty., for plaintiff-appellee.
Paul H. Jantz, DeRidder, for defendant-appellant.
DIXON, Chief Justice[*].
Defendant was charged by bill of information with armed robbery, a violation of R.S. 14:64, and he entered a plea of not guilty. The trial court denied his motion to suppress, and admitted his confession into evidence at trial. The jury returned a verdict of guilty, and the defendant was sentenced to twenty years at hard labor, without benefit of probation, parole or suspension of sentence.
On August 25, 1981 George Tokman and Mike Leatherwood robbed the Dollar General Store in Merryville while armed with a revolver. Defendant and Leatherwood, accompanied by Debra Perkins, a juvenile, were returning from Jackson, Mississippi when they decided to rob the store in Merryville. They parked the car on the side of the store, went inside and selected some clothing. When the only customer left the store, Tokman approached Mary McDaniels, a store clerk. Mrs. McDaniels bent down to pick up something on the floor, and when she stood up Tokman was pointing a gun at her. He asked her to move away from the cash register, and Leatherwood went behind the counter, took the money from the cash register and put it in a paper bag. Tokman then asked the clerk to go outside. She walked out of the store between Leatherwood and defendant, and she was then allowed to return to the store. Debra Perkins had remained in the back seat of the car with the engine running. Leatherwood, defendant and Perkins drove away; they divided the money, $238.00 to each.
ASSIGNMENT OF ERROR NO. 1
By this assignment defense counsel argues that the trial court erred in denying defendant's motion to suppress his confession. Counsel submits defendant's confession was the direct result of an illegal arrest and should have been suppressed. The state maintains that even though defendant may have been arrested pursuant to an invalid arrest warrant, the police had probable cause to make a warrantless arrest.
The United States Supreme Court has held that a confession obtained as a direct result of an arrest made without probable cause should be suppressed. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). In Brown v. Illinois, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975), the Court placed the burden of proving admissibility of a confession, challenged on grounds that the arrest was made without probable cause, on the prosecution. Considerations for determining when probable cause is present were described in State v. Thomas, 349 So.2d 270, 272 (La.1977):
"... Probable cause exists when facts and circumstances within the arresting officer's knowledge and of which he has reasonable and trustworthy information are sufficient to justify a man of average caution in the belief that the person to be arrested has committed or is committing an offense...."
We conclude there was probable cause to make a warrantless arrest of defendant in this case, and the trial court properly ruled that the confession was admissible.
*563 The Vernon Parish sheriff's office and Beauregard Parish sheriff's office were investigating a number of recent armed robberies in their area. On August 28, 1980 the Civil Liaison Office at Fort Polk contacted Detective Larry Smith of the Vernon Parish sheriff's office relative to a person by the name of Kellison who had informed the Liaison Office about the involvement of military personnel in some recent armed robberies. Detective Smith interviewed Kellison at approximately 10:00 a. m. on August 29, 1980. Kellison thereupon admitted involvement in a homicide in Mississippi and some armed robberies in both Beauregard and Vernon Parishes. Kellison claimed that George Tokman, Mike Leatherwood, a Mr. Fuson and Kellison committed an armed robbery of a motel and a store in Merryville. He also stated they might have killed a cab driver in Jackson, Mississippi during the course of a robbery. Detective Smith contacted Mississippi and Beauregard Parish authorities and verified that these crimes were actually committed. Kellison also indicated to Detective Smith that defendant and Leatherwood were presently at Fort Polk, but planned to leave the area as soon as they were paid that day. At approximately 11:30 a. m. Detective Smith contacted the Civil Liaison Office at Fort Polk, and asked them to detain Tokman and Leatherwood because of their possible involvement in some armed robberies. At approximately 12:00 noon the commanding officer at Fort Polk placed the defendant and Leatherwood in a cell at the military police station. They remained there until approximately 5:00 p. m. when civilian authorities transported them to the Vernon Parish sheriff's office.
Meanwhile, Deputy Robert McCullough of the Beauregard Parish sheriff's office was also investigating recent armed robberies in the area. At approximately 2:20 p. m. on August 29, 1980, Deputy McCullough interviewed Debra Perkins. She admitted to Deputy McCullough that she, Tokman and Leatherwood were involved in the armed robbery of the Dollar Store in Merryville. Prior to this interview, Mrs. McDaniels of the Dollar Store had identified Leatherwood as one of the perpetrators, and indicated that he was accompanied by another man and a young woman. After receiving Perkins' statement, Deputy McCullough instructed Deputy Diane Childress to obtain an arrest warrant. However, none of the underlying facts to establish probable cause were related to either Deputy Childress or the judge who issued the arrest warrant.
At approximately 5:00 p. m. on August 29, 1980, the arrest warrants were executed at the Vernon Parish sheriff's office. The defendant was advised of his Miranda rights. He acknowledged that he understood his rights and indicated that he wished to waive them. He then confessed to the armed robbery charged herein. He gave an oral statement, and then he gave a statement that was typed. He signed the statement and initialed corrections.
The record establishes that the police had probable cause to arrest the defendant from the information Kellison related to Detective Smith at 10:00 a. m. on August 29, 1980. The police independently verified that a homicide and an armed robbery did indeed occur. Therefore, they needed only reasonably trustworthy information to justify a man of ordinary caution in believing the person to be arrested committed the crime. State v. Mosley, 390 So.2d 1302 (La. 1980); State v. Collins, 378 So.2d 928 (La. 1979), cert. den. 447 U.S. 928, 100 S.Ct. 3025, 65 L.Ed.2d 1122 (1980); State v. Scott, 355 So.2d 231 (La.1977); State v. Thomas, supra. Kellison's admissions, implicating both himself and the defendant, constituted such reasonably trustworthy information. The defendant's initial detention at Fort Polk was lawfully based on probable cause to believe that he committed the armed robberies and homicide in which Kellison implicated him.
The fact that the judge issued the arrest warrant without knowledge of the underlying facts upon which probable cause to arrest the defendant could be based, does not render the arrest illegal. It is apparent from the record that the police had probable *564 cause to arrest the defendant, based on the statements by Debra Perkins that implicated the defendant in the armed robbery charged herein and the independent verification of the crime through Mrs. McDaniels. Therefore, the defendant's formal arrest at 5:00 p. m. on August 29, 1980 was based on probable cause and lawful. Thus the defendant's confession, obtained immediately thereafter, was not the direct product of an unlawful arrest. The confession was made knowingly, intelligently and voluntarily as required by State v. Cobbs, 350 So.2d 168 (La.1977). The defendant indicated he understood and wished to waive his Miranda rights. See State v. Alexander, 339 So.2d 818 (La.1976) and State v. Payne, 338 So.2d 682 (La.1976). The trial court properly admitted the confession into evidence.
This assignment is without merit.
ASSIGNMENT OF ERROR NO. 2
Defendant contends the trial court erred in imposing an excessive and inadequately reasoned sentence on him. The defense submits it was improper for the trial judge to consider crimes with which the defendant had been charged yet not convicted, and that he failed to consider the defendant's youthful age and lack of a criminal record in imposing the twenty year sentence. The state argues that the trial judge was entitled to rely on sworn testimony implicating the defendant in other crimes, and that the sentence was not grossly disproportionate to the crime of armed robbery.
At the sentencing hearing the trial court noted various aspects of defendant's background. The court also relied on a presentence investigation report,[1] a letter supplied by defense counsel, testimony from the trial, testimony from the trial of a codefendant, Mike Leatherwood, and information supplied to the court regarding an attempt by defendant to escape from prison.[2] Although the court did not recite the considerations of C.Cr.P. 894.1 verbatim, the record indicates the trial judge thoroughly evaluated all aggravating and mitigating circumstances applicable to the defendant. The judge stated that defendant was only seventeen years old at the time of the offense and had no prior convictions. It was noted that the armed robbery was not an isolated incident, but was part of a crime spree on the part of defendant and Leatherwood.[3]
Contrary to defense counsel's assertion, it appears the trial court gave careful consideration to the various aggravating and mitigating factors of defendant's case.[4] The twenty year sentence imposed on defendant is well within the statutory range. See R.S. 14:64. The twenty year sentence is not grossly disproportionate to the crime herein, and is not excessive under State v. Hogan, 403 So.2d 1210 (La.1981).
This assignment lacks merit.
For these reasons, the conviction and sentence are affirmed.
NOTES
[*] Judges Fred S. Bowes and Nestor L. Currault, Jr. of the Twenty-Fourth Judicial District Court and Edward A. Dufresne, Jr. of the Twenty-Ninth Judicial District Court participated in this decision as Associate Justices pro tempore, joined by Chief Justice Dixon and Associate Justices Marcus, Blanche and Watson.
[1] The presentence investigation report has not been included in the record for review.
[2] The defendant admitted his attempt to escape with the use of a razor blade concealed in a toothbrush, when questioned by the trial court during the sentencing hearing.
[3] Judge Coltharp apparently presided over both the defendant's trial and codefendant Leatherwood's trial, and was familiar with the circumstances surrounding the commission of this offense, as well as some unrelated charges.
[4] The trial court did not rely on factors that he was not entitled to consider. The judge did note that Tokman was under indictment in Mississippi for murder. However, the court expressly stated it was not relying on the murder charge in imposing sentence, but only making record of its awareness of the charge.