450 So.2d 1378 (1984)
STATE of Louisiana
v.
Todd K. ALLEN.
No. 83 KA 1167.
Court of Appeal of Louisiana, First Circuit.
May 30, 1984.
Rehearing Denied June 29, 1984.
*1381 Allen J. Myles, Asst. Dist. Atty., Parish of Iberville, Plaquemine, for State of La.
William C. Dupont, Plaquemine, for defendant.
Before PONDER, WATKINS and CARTER, JJ.
CARTER, Judge.
This criminal appeal arises from the conviction of Todd Allen of manslaughter in violation of LSA-R.S. 14:31. After a trial by jury, defendant was found guilty as charged and was sentenced to confinement with the Department of Corrections for twenty-one (21) years. Defendant appeals his conviction alleging nine assignments of error.

FACTS
On September 19, 1982, the body of Amos Foster was found on Laurel Ridge Road, White Castle, Iberville Parish, Louisiana. Since he had been shot with a .22 caliber weapon, deputies launched an investigation to determine who owned .22 caliber guns in the White Castle area. The deputies discovered that Calvin Allen had recently purchased a pistol of this type. When questioned, Calvin Allen said his nephew, Todd Allen, had the gun, but that he, Calvin, had the gun on September 19, 1982. The officers accompanied Calvin to Todd Allen's home. Calvin obtained the gun from Todd and then gave it to the officers for ballistics testing.
After the ballistics tests confirmed that the gun was used in the shooting, Calvin admitted he purchased the gun for his nephew, Todd.
On October 12, 1982, a Louisiana warrant was issued for Todd Allen's arrest by a justice of the peace in Iberville Parish who was also a detective in the Iberville Parish Sheriff's Office. The Stockton County Police Department, in California, received a telephone call from Chief Whitaker in the Iberville Parish Sheriff's office that an arrest warrant had been issued for defendant, Todd Allen, on the charge of first-degree murder. They were also given Todd Allen's description and address and were told that the warrant was being sent via teletype. Officers on patrol in Stockton County were radioed this information and on the basis of the "verbal warrant" arrested the defendant in the parking lot of his aunt's apartment complex. He cooperated with the officers making the arrest and *1382 was taken to the police station where he confessed to having killed Amos Foster. The teletype warrant from Louisiana was not received in California until after defendant was brought to the police station. Later, a second Louisiana warrant was issued by Judge Landry for the charge of manslaughter in connection with the extradition proceedings. Defendant, however, waived extradition and was returned to Louisiana. After a hearing on the motion to suppress the confession, the trial court ruled the arrest valid and admitted testimony of the oral confession at trial. Defendant contends that since his arrest was an invalid arrest based on invalid warrants, etc., that his oral confession should be considered fruit of an illegal arrest.

ASSIGNMENTS OF ERROR
Defendant-appellant, Todd Allen, relates the following assignments of error.
1. The arrest and warrant for the defendant's arrest was illegal, invalid and unconstitutional because it was not issued by an independent magistrate, but was authorized by Detective Brent Barbier, an investigation officer in the case who was also a Justice of the Peace.
2. The arrest and warrant for the defendant's arrest was illegal, invalid and unconstitutional because it was not issued upon affidavits showing independent probable cause.
3. The arrest and warrant for the defendant's arrest was illegal, invalid and unconstitutional because of material omissions left out by the complaining officer.
4. The arrest of defendant in California was illegal under California law in that it violated proceedings against fugitives from justice under California law.
5. The arrest of defendant in California by virtue of an alleged Louisiana arrest warrant was illegal in that a Louisiana arrest warrant is invalid in California because it can only be directed to an officer in Louisiana.
6. The alleged Louisiana arrest warrant for the defendant's arrest was invalid for failure to comply with form requirements.
7. The alleged "Teletype" warrant sent to California and used to effect the defendant's arrest was illegal and invalid by virtue of California law.
8. The defendant's arrest was illegal and therefore any subsequent confession obtained therefrom should have been suppressed being a product of an illegal arrest and questioning.
9. Reversible error was committed in allowing the jury to hear parts of an alleged taped confession prior to it being ruled admissible, when in fact the tape recording was ruled inadmissible after partial playing.
ASSIGNMENTS OF ERROR NOS. 1-8
By these assignments, defendant contends that his arrest was illegal on several grounds and that his confession should be suppressed as the product of an illegal arrest.
Since this case involves a California arrest, we look initially to see if the arrest complied with California law.
California Penal Code § 850, which specifically authorizes an arrest based on a telegraphic copy of a warrant or an abstract of a warrant, states:
"(a) A telegraphic copy of a warrant or an abstract of a warrant may be sent by telegraph, teletype, or any other electronic devices, to one or more peace officers, and such copy or abstract is as effectual in the hands of any officer, and he shall proceed in the same manner under it, as though he held the original warrant issued by a magistrate or the issuing authority or agency.
(b) An abstract of the warrant as herein referred to shall contain the following information: the warrant number, the charge, the court or agency of issuance, the subject's name, address and description, the bail, the name of the issuing magistrate or authority, and if the offense charged is a misdemeanor, whether the warrant has been certified for night service.
(c) When the subject of a written or telegraphic warrant or abstract of warrant *1383 is in custody on another charge, the custodial officer shall, immediately upon receipt of information as to the existence of any such warrant or abstract, obtain and deliver a written copy of the warrant or abstract to the subject and shall inform him of his rights under Section 1381, where applicable, to request a speedy trial and under Section 858.7 relating to Vehicle Code violations."
Since the statute provides that a telegraphic abstract is effectual in the hands of any officer and he shall proceed as though he held the original, an arrest based upon the abstract would be an arrest under warrant.
Furthermore, California Penal Code § 842 states:
"An arrest by a peace officer acting under a warrant is lawful even though the officer does not have the warrant in his possession at the time of the arrest, but if the person arrested so requests it, the warrant shall be shown to him as soon as practicable."
Thus, an arrest based upon the teletyped abstract would be lawful, although the warrant or abstract was not in possession of the arresting officer.
In this case, however, neither the arresting officer nor the officers in the Stockton Police Department were in possession of the warrant. Thus, the arrest herein cannot be considered an arrest based upon a teletype warrant.
In one of his assignments of error defendant argues that the teletype warrant sent to California does not comply with California's statutory requirements for a teletype warrant.
The abstract of the warrant sent by teletype from Louisiana were as follows:
"0240000 41555
126 15:30 120CT82
123 15:30 120CT82
BI.CA0390500
RH/239
SO IBERVILLE TO PD STOCKTON, CALIFORNIA
ATTENTION HOMICIDE DIVISION: KLT. MARNOCH
SIR THIS OFFICE HOLDS A WARRANT OF ARREST ON ONE TODD K. ALLEN B/M DOB/041063. SUBJECT SHOULD BE AT 1625 ROSE MARIE, STOCKTON, CALIFORNIA. THE CHARGE IS 1ST DEGREE MURDER, WARRANT # 0552-82. WIWE!!!!
AUTH: JIM WHITAKER
CHIEF OF INTELLIGENCE
PLAQUEMINE, LA.
PH# XXX-XXX-XXXX OR XXX-XXX-XXXX
SO IBERVILLE HEBERT 1530"
"AM..BI.CA0390500,CA0390000.AM..
TO STOCKTON POLICE DEPT.
STOCKTON, CALIFORNIA
MSG 1012-1 IBERVILLE SO 10/12/82
ATTENTION WARRANT DIVISION: LT. MARNOCH
SIR THIS OFFICE HOLD A WARRANT FOR 1ST DEGREE MURDER ON TODD K. ALLEN B/M DOB/041063. WARRANT NUMBER #0552-82. SUBJECT SHOULD BE AT 1625 ROSE MARIE, STOCKTON, CALIFORNIA. WIWE, THANKS FOR YOUR HELP IN THIS MATTER.
AUTH: JIM WHITAKER
CHIEF OF DETECTIVES
CENTRAL INTELLIGENCE DIVISION
IBERVILLE PARISH SHERIFF OFFICE PLAQUEMINE, LA. OPR/GERMANY 1703-HRS"
"AM..BICA0390000,AM..
SAN JOQUIN CO SO
STOCKTON, CALIFORNIA
MSG 1012-5 IBERVILLE SO 10/12/82
TO STOCKTON POLICE DEPT.
ATTENTION: LT. MARNOCH, HOMICIDE DIVISION
SIR THIS OFFICE HOLD A WARRANT FOR 1ST DEGREE MURDER. WARRANT #0552-82 SIGNED BY MAGISTRATE *1384 BRENT BARBIER, 18TH JUDICIAL DISTRICT COURT DOW/101282 ON TODD K. ALLEN B/M DOB/041063 HGT/503 WGT/160 OLN74731523 OLS/LA. SUBJECT SHOULD BE AT 1625 ROSE MARIE, STOCKTON, CALIFORNIA.
AUTH: JIM WHITAKER
CHIEF OF DETECTIVES
CENTRAL INTELLIGENCE DIVISION
IBERVILLE PARISH SHERIFF OFFICE PLAQUEMINE, LA. OPR/GERMANY 1816 HRS"
From the above, it can be noted that there are several deficiencies in the first two teletypes since they do not contain a court of issuance and the name of the issuing magistrate. The third teletype does meet the necessary requirements. Be this as it may, any defect in any of the teletypes would not have any effect on the validity of the arrest since we have previously determined that California authorities in effect made a warrantless arrest.
California Penal Code § 836 authorizes warrantless arrests and provides as follows:
"A peace officer may make an arrest in obedience to a warrant, or may, pursuant to the authority granted him by the provisions of Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2, without a warrant, arrest a person:
1. Whenever he has reasonable cause to believe that the person to be arrested has committed a public offense in his presence.
2. When a person arrested has committed a felony, although not in his presence.
3. Whenever he has reasonable cause to believe that the person to be arrested has committed a felony, whether or not a felony has in fact been committed."
In People v. Ramirez, 34 Cal.3d 541, 194 Cal.Rptr. 454, 668 P.2d 761 (1983), defendant was arrested on an outstanding bench warrant which had actually been recalled and where no independent cause to arrest existed. In that case the California Supreme Court reversed defendant's conviction and overruled a similar case, People v. Marquez, 237 Cal.App.2d 627, 47 Cal.Rptr. 166 (3rd Dist.1965) where the defendant was arrested on the basis of an outstanding arrest warrant that had previously been cancelled without the arresting officer's knowledge. In Marquez, as in Ramirez, there was no independent cause for the arrest. The Court in Ramirez stated:
"[B]ecause Marquez asserts that courts must look only to the perceptions of the officer in the field, rather than trace his probable cause determination to its source in the law enforcement system, it must be disapproved."
In the instant case, we trace the probable cause back to the Louisiana officers.
In People v. Honore, 2 Cal.App.3d 295, 82 Cal.Rptr. 639 (2nd Dist.1969), the defendant's arrest without possession of a warrant by the officer was upheld on the basis of reasonable cause established on the basis of information received through official channels. In that case, a check of the official police department records revealed that a warrant was outstanding for defendant on a felony charge and for a traffic violation. Prior to defendant's arrest, however, the felony warrant was withdrawn and substituted with a warrant for a misdemeanor charge. The arresting officer was unaware of this substitution and acted upon the basis of the felony warrant. The court stated:
"It would constitute an outrageous sacrifice of substance to technical form to hold that the procedure followed by the police officer in the case was illegal merely because he acted without knowledge that the misdemeanor warrant had been substituted for the previously outstanding felony warrant and because it was not his subjective intent in making the arrest to rely upon the other outstanding warrant for appellant's traffic violation." People v. Honore, 2 Cal. App.3d 295, 82 Cal.Rptr. 639 (2nd Dist. 1969).
That court went on to say that such a holding would violate common sense and *1385 would be inconsistent with the reasoning of California law.
Furthermore, in People v. Chimel, 68 Cal.2d 436, 67 Cal.Rptr. 421, 439 P.2d 333 (1968), reversed on other grounds, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969) U.S. reh. denied, 396 U.S. 869, 90 S.Ct. 36, 24 L.Ed.2d 124, the arrest of defendant was held valid despite the invalidity of the arrest warrants issued. There, as in this case, the prosecution sought to justify the arrest of defendant independently of the warrant. The court in that case found that the arresting officer had probable cause to arrest when he obtained a warrant for defendant's arrest and, pursuant to the warrant, arrested defendant. No evidence showed that the officer procured the warrant in bad faith or exploited the illegality of the warrant. The court noted that if the officer had been proceeding without a warrant in arresting defendant the arrest would have been lawful. The court stated:
"To invalidate the arrest here solely because the arresting officer first obtained a warrant supported by a constitutionally insufficient complaint would not further the policies of the Fourth Amendment but would subvert its preference for arrest and searches conducted pursuant to warrants." People v. Chimel, 68 Cal.2d 436, 67 Cal.Rptr. 421, 439 P.2d 333, 337 (1968).
The legality of an arrest cannot depend exclusively upon the validity of the warrant pursuant to which the arrest is executed since an arrest without a warrant may stand if based on probable cause. People v. Chimel, supra.
In several California cases, it has been held that a police officer may rely on information which he received through "official channels" in making an arrest based upon reasonable cause to believe a felony had been committed. Ojeda v. Superior Court, In and for County of Monterey, 12 Cal.App.3d 909, 91 Cal.Rptr. 145 (1st Dist. 1970); People v. Madden, 2 Cal.3d 1017, 88 Cal.Rptr. 171, 471 P.2d 971 (1970); Remers v. Superior Court of Alameda County, 2 Cal.3d 659, 87 Cal.Rptr. 202, 470 P.2d 11 (1970); People v. Lara, 67 Cal.2d 365, 62 Cal.Rptr. 586, 432 P.2d 202 (1967), U.S. cert. denied, 392 U.S. 945, 88 S.Ct. 2303, 20 L.Ed.2d 1407.
When it comes to justifying the arrest in court, however, the prosecution is required to show the basis for the information supplied to the arresting officer. People v. Madden, supra. To hold otherwise would permit the manufacture of reasonable grounds for arrest within a police department by one officer who did not know such information, without establishing under oath how the information had in fact been obtained by the former officer. Remers v. Superior Court of Alameda County, supra.
No exact formula exists for determining reasonable cause, and each case must be decided on the facts and circumstances presented to the officers at the time they were required to act. People v. Ross, 67 Cal.2d 64, 60 Cal.Rptr. 254, 429 P.2d 606 (1967); reversed on other grounds 391 U.S. 470, 88 S.Ct. 1850, 20 L.Ed.2d 750 (1968). In the instant case, the arresting officers received a radio call that a Louisiana arrest warrant for murder had been issued for defendant and was being sent via teletype. An officer within the Stockton Police Department had received a call from Louisiana authorities informing him that a warrant had been issued and was being sent. There was no evidence to show that the California authorities could not believe this information, nor did they act in bad faith. Additionally, there was no evidence to show that they knew the teletype warrant would not comply with California law. Thus, we find that the arresting officers acted reasonably and properly. We find that they had reasonable cause to believe that defendant had committed a felony.
Although we have determined the arrest complied with California law, our inquiry cannot end here. We continue our analysis to determine whether there was a valid basis for the information relied upon in making the arrest, i.e., either a valid Louisiana arrest warrant or probable cause to make a valid warrantless arrest.
*1386 Defendant contends the Louisiana arrest warrant was invalid because it was not issued by an independent magistrate, the supporting affidavit did not show probable cause, material omissions were left out by the complaining officer, and the warrant did not comply with form requirements.
The requirements for an arrest warrant are set forth in LSA-C.Cr.P. art. 202, which provides:
"A warrant of arrest may be issued by any magistrate, and, except where a summons is issued under Article 209, shall be issued when:
(1) The person making the complaint executes an affidavit specifying, to his best knowledge and belief, the nature, date, and place of the offense, and the name and surname of the offender if known, and of the person injured if there be any; and
(2) The magistrate has probable cause to believe that an offense was committed and that the person against whom the complaint was made committed it.
(3) A justice of the peace shall not have the authority to issue a warrant for the arrest of a peace officer for acts performed while in the course and scope of his official duties.
When complaint is made before a magistrate of the commission of an offense in another parish, the magistrate shall also immediately notify the district attorney of the parish in which the offense is alleged to have been committed."
Furthermore, if an arrest warrant is issued, the determination of probable cause should be made by a neutral and detached magistrate. U.S. Const. amends. IV, XIV. In Shadwick v. City of Tampa, 407 U.S. 345, 92 S.Ct. 2119, 32 L.Ed.2d 783 (1972), the United States Supreme Court addressed the issue of whether municipal court clerks, authorized by the charter of Tampa, Florida to issue certain arrest warrants, were qualified as neutral and detached magistrates for the purposes of the Fourth Amendment. In that case the Court stated:
"[A] issuing magistrate must meet two tests. He must be neutral and detached, and he must be capable of determining whether probable cause exists for the requested arrest or search. This Court has long insisted that inferences of probable cause be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime. Johnson v. United States, supra, at 14 of 333 U.S. [10], at 369 of 68 S.Ct. [367, 92 L.Ed. 436]; Giordenello v. United States, supra, at 486 of 357 U.S. [480], at 1250 of 78 S.Ct. [1245, 2 L.Ed.2d 1503]
* * * * * *
Whatever else neutrality and detachment might entail, it is clear that they require severance and disengagement from activities of law enforcement." Shadwick v. City of Tampa, 407 U.S. at 352, 92 S.Ct. at 2123 (1972).
Here the determination of probable cause was made by Detective Barbier, a justice of the peace who also worked as a detective in the Iberville Parish Sheriff's Office. Although he was not assigned to investigate the case, he was involved in the case. Barbier was with another officer when Calvin Allen was initially questioned about the gun and when the gun was retrieved from Todd Allen's residence. He also showed other officers where several persons lived during the investigation of this case. Furthermore, another detective testified that he discussed the case with Barbier during the investigation and prior to the issuance of the warrant. Therefore, we cannot say that the warrant was issued by a "neutral and detached magistrate."
Even though the requirement of an independent magistrate was not met in the instant case, the arrest is not rendered illegal. The crucial question is whether, at the time of the arrest, there was probable cause to believe that a crime had been committed. An arrest, based upon such probable cause, is a valid arrest whether a valid warrant had been issued or not. Jackson v. Bergeron, 306 F.Supp. 1263 (E.D.La.1969); Giordenello v. United *1387 States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958)[1].
In this case, even though the arrest warrant may have been invalid, we conclude that the arrest was based upon probable cause that existed at the time of the arrest. It is apparent from the record that there was probable cause to arrest defendant, based upon the ballistics test results, the fact that Todd Allen had the gun a few days after the crime and his abrupt departure from Louisiana after the police had begun to investigate the murder.
Furthermore, in deciding whether an arrest is valid despite a defective warrant we look to State v. Tokman, 412 So.2d 561 (La.1982), which involved the issuance of an arrest warrant by a magistrate without knowledge of the underlying facts upon which probable cause to arrest could be based. In that case, the Louisiana Supreme Court found that an arrest was not illegal even though the judge issuing the warrant was not presented with facts indicating probable cause. There, the court determined that the police did have knowledge of facts indicating probable cause. The court concluded that the arrest was based on probable cause and lawful, and thus, the confession obtained after the arrest was not the product of an unlawful arrest.
Defendant also contends that the affidavit supporting the warrant does not contain facts from which the magistrate could determine probable cause. An arrest warrant need not depend solely upon the information recorded within the "four corners" of the affidavit. State v. Cook, 404 So.2d 1210 (La.1981). The magistrate may issue an arrest warrant based upon facts and circumstances asserted verbally by the officer at the time the warrant is obtained. State v. Rodrique, 437 So.2d 830 (La.1983). If such information reflects the necessary probable cause, the magistrate may issue the arrest warrant. State v. Haynie, 395 So.2d 669 (La.1981).
In this case, the affidavit does not contain facts which support a finding of probable cause. Although it is quite possible that Barbier was aware of the facts and circumstances supporting a probable cause finding, the record does not reflect that they were told to him before he issued the warrant. The fact that the magistrate issued the arrest warrant without knowledge of the underlying facts upon which probable cause to arrest defendant could be based does not render the arrest illegal, since defendant's arrest was in fact based upon probable cause. State v. Tokman, supra.
Defendant also contends that material omissions were left out of the affidavit by the complaining officer. Calvin Allen, defendant's uncle, initially told police that if the victim were shot with his pistol, he would have committed the murder since he had the gun on the night the victim was killed. Defendant contends the failure to present this information to the magistrate was a material omission.
The magistrate who issues the warrant must be supplied with facts and circumstances which would reflect probable cause for the issuance of the arrest warrant. There is no statutory requirement that such information be incorporated into the affidavit supporting the warrant; it may be supplied verbally to the magistrate. If such information reflects the necessary probable cause, the magistrate is authorized to issue the warrant. State v. Haynie, supra.
Since we have already determined that the arrest warrant was defective, but have upheld the arrest based upon probable cause, there was no prejudice to defendant by the failure to communicate this information to the magistrate. We need not determine whether this omission affected the validity of the arrest warrant.[2]
*1388 In addition, defendant contends that the Louisiana warrant fails to comply with form requirements. LSA-C.Cr.P. art. 203 states in pertinent part:
"The warrant of arrest shall:
(6) Be signed by the magistrate with the title of his office."
In this case the warrant was issued by a justice of the peace but the title printed on the warrant form is "Magistrate or Judge of the Eighteenth Judicial District Court of Louisiana." Although the warrant form herein does not strictly comply with the form required, this error does not affect the substantial rights of the accused in light of our finding that a warrantless arrest based upon probable cause, was valid. We note, however, that since the term "magistrate" as used in LSA-C.Cr.P. art. 202 means justice of the peace, LSA-C. Cr.P. art. 931, the warrant was issued by an officer with actual authority to issue an arrest warrant.
Defendant also contends that his arrest was illegal in that it violated the California "Fugitives from Justice" law. He argues that the arrest was not made in accordance with any of the three methods for arrest under that law.
The California extradition law entitled "Proceedings Against Fugitives from Justice" provides three methods for arrest when extradition is sought:
(1) The Governor's Warrant as provided for in California Penal Code § 1549.2:
"If a demand conforms to the provisions of this chapter, the Governor or agent authorized in writing by the Governor whose authorization has been filed with the Secretary of State shall sign a warrant of arrest, which shall be sealed with the State Seal, and shall be directed to any peace officer or other person whom he may entrust with the execution thereof. The warrant must substantially recite the facts necessary to the validity of its issuance."
(2) The Magistrate's warrant provided for in California Penal Code § 1551:
"(a) Whenever any person within this State is charged by a verified complaint before any magistrate of this State with the commission of any crime in any other State, or, with having been convicted of a crime in that State and having escaped from confinement, or having violated the terms of his bail, probation or parole; or (b) whenever complaint is made before any magistrate in this State setting forth on the affidavit of any credible person in another State that a crime has been committed in such other State and that the accused has been charged in such State with the commission of the crime, or that the accused has been convicted of a crime in that State and has escaped from bail, probation or parole and is believed to be in this State; then the magistrate shall issue a warrant directed to any peace officer commanding him to apprehend the person named therein, wherever he may be found in this State, and to bring him before the same or any other magistrate who is available in or convenient of access to the place where the arrest is made. A certified copy of the sworn charge or complaint and affidavit upon which the warrant is issued shall be attached to the warrant."
(3) California Penal Code § 1551.1 which provides:
"The arrest of a person may also be lawfully made by any peace officer, without a warrant, upon reasonable information that the accused stands charged in the courts of any other State with a *1389 crime punishable by death or imprisonment for a term exceeding one year. When so arrested the accused must be taken before a magistrate with all practicable speed and complaint must be made against him under oath setting forth the ground for the arrest as in the preceding section."
Although the record does not indicate compliance with any of these provisions in the extradition statute providing for arrest, defendant waived extradition and voluntarily returned to Louisiana. Once a fugitive has been brought within custody of the demanding state, legality of the extradition is no longer subject to legal attack by him. Siegel v. Edwards, 566 F.2d 958 (5th Cir.1978). Thus, the proper place for defendant to complain about the failure to comply with the extradition law was in California. He cannot, now that he is in Louisiana, the demanding state, contend the arrest under the extradition law was illegal.
The United States Supreme Court has held that a confession obtained as a direct result of an arrest made without probable cause should be suppressed. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). Although we found merit in defendant's argument that the Louisiana and California warrants were invalid, we concluded that there was probable cause for the warrantless arrest. Since probable cause existed for the arrest, defendant's confession, obtained immediately thereafter, was not the product of an unlawful arrest. See State v. Tokman, supra. We find no error in the admission of testimony regarding defendant's oral confession.

ASSIGNMENT OF ERROR NO. 9
Defendant contends the trial judge erred in allowing the jury to hear parts of defendant's taped confession which he later ruled inadmissible. The State attempted to play the tape, but the voices were so inaudible that the judge ruled it inadmissible. When asked if any jurors had understood the tape, all jurors responded in the negative. Since they could not even understand the tape, defendant could not have been prejudiced by what the jurors heard and his conviction shall not be reversed. LSA-C. Cr.P. art. 921. Therefore, this assignment of error is without merit.

PATENT ERROR
Although a firearm was used in the commission of this crime, the trial judge failed to impose the additional sentence mandated under LSA-R.S. 14:95.2.[3] This sentence, although lenient, is illegal. The Louisiana Supreme Court and this court have in the past noted as patent error too lenient illegal sentence. See State v. Telsee, 425 So.2d 1251 (La.1983); State v. Jackson, 439 So.2d 622 (La.App. 1st Cir. 1983), writ granted in part, denied in part 443 So.2d 1123 (La.1984); State v. Thomas, 439 So.2d 629 (La.App. 1st Cir.1983). Cf. also State v. Norman, 448 So.2d 246 (La. App. 1st Cir.1984); State v. Walters, 450 So.2d 1377 (La.App. 1st Cir.1984).
*1390 Since LSA-R.S. 14:95.2 imposes different sentences for first and subsequent convictions, and the record does not indicate defendant's status, we remand for proper sentencing.

DECREE
Therefore, for the above reasons, defendant's conviction is affirmed and the case is remanded for sentencing in accordance with the above.
CONVICTION AFFIRMED; REMANDED FOR AMENDMENT OF SENTENCE.
NOTES
[1] The United States Supreme Court, in reversing the case on account of the invalidity of the arrest warrant and where the Government relied entirely on the validity of the warrant in the lower courts, stated "This is not to say, however, that in the event of a new trial the Government may not seek to justify petitioner's arrest without relying upon the warrant."
[2] Even if the magistrate had been presented with facts sufficient to establish probable cause for issuance of the arrest warrant, this omission would not have invalidated the warrant for two reasons. The first is that Detective Barbier, the issuing magistrate, was present when Calvin Allen made the statement on the day the officers obtained the gun and thus, Barbier had actual knowledge of the statement. The second reason is that this statement when considered with the other facts, does not negate the existence of probable cause to arrest.

Although this court has not found any cases involving the standard to be applied by a court reviewing an arrest warrant when the affiant omits material facts from the affidavit, the approach used would be the same where a search warrant is reviewed. In situations involving search warrants, the reviewing court must consider the affidavit as though the omitted facts were included and then evaluate the presence of probable cause in light of the added facts. State v. Lehnen, 403 So.2d 683 (La.1981), State v. Howard, 448 So.2d 150 (La.App. 1st Cir.1983).
[3] LSA-R.S. 14:95.2 provides:

"Notwithstanding any other provisions of law to the contrary, any person who uses a firearm or explosive device at the time he commits or attempts to commit the crime of second degree murder, manslaughter, aggravated battery, simple kidnapping, aggravated escape, aggravated burglary, or aggravated arson or attempted aggravated rape, attempted first degree murder or attempted aggravated kidnapping shall upon conviction serve a term of two years imprisonment for the first conviction and upon conviction for each second and subsequent offense listed in this Section, he shall serve a term of five years imprisonment. The penalty provided herein shall be in addition to any other penalty imposed under the provisions of this Title and such person shall serve the additional term of imprisonment without benefit of parole, probation, suspension of sentence or credit for good time and any adjudication of guilt or imposition of sentence shall not be suspended.
The prison terms provided under the provisions of this Section, shall run consecutively to any other penalty imposed upon conviction of any of the crimes listed in this Section."