CARTER, Judge.
Defendant, Ray Charles Walters, was charged by bill of information with armed robbery in violation of LSA-R.S. 14:64. Defendant pled not guilty and not guilty by reason of insanity. After a trial by jury, the jury returned a verdict of guilty. Defendant was sentenced to ninety-nine years at hard labor and defendant now appeals his conviction and sentence requesting a *1378 review of the record for errors patent on the face of the record.
No assignments of error were filed pursuant to Arts. 844 and 920(1) of La.Code of Crim.Procedure. Therefore, under Art. 920(2) of the La.Code of Crim.Procedure, we are limited in our review to errors discoverable by a mere inspection of the pleadings and proceedings without inspection of the evidence. State v. Delaney, 359 So.2d 976 (La.1978); State v. Gerald, 333 So.2d 645 (La.1976); State v. Crain, 442 So.2d 695 (La.App. 1st Cir.1983); State v. Griffin, 442 So.2d 698 (La.App. 1st Cir.1983).
After review of the record, the only patent error discovered is that the defendant received a sentence on the armed robbery conviction of ninety-nine years at hard labor. This sentence is statutorily incorrect as the penalty clause of LSA-R.S. 14:64, entitled “Armed robbery,” reads as follows:
“(B) Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and not more than ninety-nine years, without benefit of parole, probation or suspension . of sentence.” (Emphasis added)
Since the sentence was not imposed without benefit of parole, probation or suspension of sentence, it is an illegal sentence. See LSA-C.Cr.P. arts. 882(1), 920; State v. Brown, 434 So.2d 1166 (La.App. 1st Cir.1983); State v. Napoli, 428 So.2d 957 (La.App. 1st Cir.1983). Although a serious question exists as to whether or not this court may, ex proprio motu, review an incorrect sentence when the review mandates a result unfavorable to the defendant, we choose to follow the rationale in State v. Thomas, 439 So.2d 629 (La.App. 1st Cir.1983) and State v. Jackson, 439 So.2d 622 (La.App. 1st Cir.1983) until the Louisiana Supreme Court resolves the conflicting application of the law as set forth in State v. Telsee, 425 So.2d 1251 (La.1983) and State v. Napoli, 437 So.2d 868 (La.1983).
Accordingly, we amend the sentence for armed robbery to provide it shall be served without benefit of parole, probation or suspension of sentence. In all other respects, the conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED WITH AMENDMENT.