DOMENGEAUX, Chief Judge.
Defendant, Robert Dane Wilburn, was indicted for armed robbery, a violation of La.R.S. 14:64, and two counts of aggravated rape, violations of La.R.S. 14:42. Pursuant to a plea agreement, defendant pled guilty to armed robbery, and the State moved to dismiss the aggravated rape charges. Defendant was sentenced to 30 years at hard labor without benefit of parole, probation, or suspension of sentence.
The record reveals the following facts. On June 25, 1984, defendant entered the G & G Mini Mart in Sabine Parish armed with *1256 a knife. He robbed the clerk, Susan Dean, of $80.00. On the same day, defendant robbed Sheila Jopling at knife point and abducted her from her place of employment. Ms. Jopling was taken to the Star-lite Motel in Many where she was repeatedly raped by defendant. Defendant was later arrested in Nacogdoches County, Texas, and was transported to Louisiana pursuant to a written waiver of extradition.
By order of the Louisiana Supreme Court, defendant was granted an out of time appeal. The Third Circuit ordered an evidentiary hearing for the purpose of establishing a record for appellate review. The hearing was limited to the five issues raised by defendant in his application for an out of time appeal to the Supreme Court. In his brief to this court, defendant admits the testimony adduced at the evi-dentiary hearing does not support four of the issues initially raised. Those assignments of error have not been briefed and are therefore considered abandoned. Uniform Rules — Courts of Appeal, Rule 2-12.4.
In his remaining assignment of error, defendant claims he was illegally extradited from Texas because he was not given an extradition hearing prior to being transported to Louisiana. Although the record contains a waiver of extradition, defendant contends the signature on the waiver form is not his own.
Interstate extradition of persons charged with a crime in one state and found in another is provided for by the federal constitution and by federal and state statutory authority. U.S. Const. Art. IV, § 2; 18 U.S.C. § 3182; La.C.Cr.P. Art. 261 et seq. The extradition rules allow states to obtain custody of persons who have committed offenses within their jurisdictions. Once a fugitive has been brought within the custody of the demanding state, legality of the extradition is no longer subject to legal attack. In State v. Allen, 450 So.2d 1378 (La.App. 1st Cir.1984), reversed in part on other grounds, 457 So.2d 1183 (La.1984), the First Circuit held:
Although the record does not indicate compliance with any of these provisions in the extradition statute providing for arrest, defendant waived extradition and voluntarily returned to Louisiana. Once a fugitive has been brought within custody of the demanding state, legality of the extradition is no longer subject to legal attack by him. Siegel v. Edwards, 566 F.2d 958 (5th Cir.1978). Thus, the proper place for defendant to complain about the failure to comply with the extradition law was in California. He cannot, now that he is in Louisiana, the demanding state, contend the arrest under the extradition law was illegal.
450 So.2d at 1389.
Since any alleged failure of the Texas court to comply with extradition law does not affect the jurisdiction of the Louisiana court to try defendant herein for crimes he committed in Louisiana, any alleged illegality in the extradition proceeding should have been raised by defendant in Texas prior to being transported to Louisiana. This court does not have jurisdiction to review the procedures which took place in Texas.
Furthermore, defendant was convicted pursuant to a plea of guilty entered on March 19, 1985. Because a guilty plea necessarily results in a conviction, it should be afforded a great measure of finality. State v. Bosworth, 451 So.2d 1070 (La.1984). A guilty plea entered without condition or reservation normally carries with it a waiver of all non-jurisdictional defects occurring prior to the plea, and precludes review thereof, either by appeal or by post-conviction remedy. State v. Crosby, 338 So.2d 584 (La.1976). By pleading guilty, defendant waived his right to appeal any pre-plea non-jurisdictional defects.
For the foregoing reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.