Dear Mr. DeLacerda:
This office is in receipt of your opinion request in which you ask if justices of the peace can write warrants for felony offenses.
Code of Criminal Procedure Article 202, states as follows:
Art. 202. Warrant of arrest; issuance
 A. A warrant of arrest may be issued by any magistrate, and, except where a summons is issued under Article 209, shall be issued when:
 (1) The person making the complaint executes an affidavit specifying, to his best knowledge and belief, the nature, date, and place of the offense, and the name and surname of the offender if known, and of the person injured if there be any; and
 (2) The magistrate has probable cause to believe that an offense was committed and that the person against whom the complaint was made committed it.
 (B) (1) A justice of the peace shall not have the authority to issue a warrant for the arrest of a peace officer for acts performed while in the course and scope of his official duties.
 (2) A justice of the peace shall not issue a warrant for the arrest of an administrator of any public or private elementary, secondary, high school, vocational-technical school, college, university, or licensed child day care center in this state who is acting in the course and scope of his official duties, unless an independent investigation into the allegations has been conducted and the investigator's findings support the allegations contained in the affidavit required in Subparagraph A(1) of this Article.
 C. When complaint is made before a magistrate of the commission of an offense in another parish, the magistrate shall also immediately notify the district attorney of the parish in which the offense is alleged to have been committed.
The criminal jurisdiction of a justice of the peace is established in LSA-R.S. 13:2586(C), which is as follows:
 C. (1) They shall have criminal jurisdiction as committing magistrates and shall have the power to bail or discharge, in cases not capital or necessarily punishable at hard labor, and may require bonds to keep the peace.
 (2) A justice of the peace shall have concurrent jurisdiction over litter violations occurring anywhere in the parish in which the court is situated, which are prohibited by R.S. 25:1111 or any ordinance of a parish governing body providing for litter abatement or control that provides that the trial for the violation of any such ordinance may be in a justice of the peace court. In addition, a constable may issue summons and serve subpoenas for such violations occurring anywhere in the parish in which his court is situated. However, the penalty that may be imposed by a justice of the peace in connection with a litter violation prohibited by R.S. 25:1111 shall be limited to the range of fines allowed by R.S. 25:1111(E)(1).
 (3) A justice of the peace shall not have the authority to issue a warrant for the arrest of a law enforcement officer for acts performed while in the course and scope of his official duties.
The phrase "in cases not capital or necessarily punishable at hard labor" as cited in § C above, does not limit the justice of the peace's status as magistrate for the purposes of issuing arrest warrants pursuant to Code of Criminal Procedure Article202. The above statute establishes the jurisdiction of a justice of the peace as a "committing magistrate". Given jurisdiction as a "committing magistrate", the justice of the peace may issue warrants and is only limited in his arrest warrant issuance authority by § B of the Code of Criminal Procedure Article 202, as cited above.
In State v. Allen, 450 So.2d 1378 (La. 1st Cir. 1984), reversed in part on other grounds, 457 So.2d 1183 (La. 1984), the court discussed the issuance of a warrant for a murder by a justice of the peace in terms of his lack of neutrality and detachment, and did not question his authority as a justice of the peace to issue the arrest warrant. See also, Attorney General Opinion Number 86-195, which is enclosed herein for your information and review.
Justices of the peace may issue arrest warrants in all cases, including capital cases and those necessarily punishable at hard labor, except in those cases specifically enumerated in Code of Criminal Procedure Article 202.
We hope the foregoing sufficiently addresses your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: J. RICHARD WILLIAMS Assistant Attorney General
RPI:JRW:glb
Enclosure
Date Received:
Date Released: